UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GIRARD STREET INVESTMENT HOLDINGS LLC, <br><br> Plaintiff, <br><br> v. <br><br> PETRÓLEOS DE VENEZUELA, S.A. and PDVSA PETRÓLEO S.A., <br><br> Defendants. | Case No. 23-cv- |

# COMPLAINT

Plaintiff Girard Street Investment Holdings LLC ("Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo S.A. ("Petróleo") (collectively "Defendants") alleges as follows:

## NATURE OF THE ACTION

1. This is a breach of contract action arising from the failure of PDVSA to make contractually-mandated interest and principal payments on a certain promissory note (the "Note") held by Plaintiff and issued by PDVSA pursuant to a Note Agreement, dated as of June 29, 2016 (the "Note Agreement"), and guaranteed by Petróleo. To date, Defendants have shown no sign that they intend to comply with their obligations and are continuing to take affirmative actions to prevent Plaintiff and other creditors from enforcing their contractual rights. In light of the growing number of creditors seeking to enforce their contractual rights against Defendants' assets, expeditious relief from this Court is imperative.

2. For its relief, Plaintiff seeks payment of the principal and unpaid and accrued

interest on the Note held by Plaintiff, as provided for in the Note Agreement, under the Note, and under New York law, including pre- and post-judgment interest. A true and correct copy of the Note Agreement is attached as Exhibit 1. A true and correct copy of the Note is attached as Exhibit 2.

## THE PARTIES

3. Plaintiff Girard Street Investment Holdings LLC is a Limited Liability Company incorporated under the laws of the Cayman Islands, with a registered office of Maples Corporate Services Limited, PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands.

4. Defendant Petróleos de Venezuela, S.A. is a corporation organized under the laws of the Bolivarian Republic of Venezuela (the "Republic" or "Venezuela") and is owned directly by the Republic, which is a foreign state. PDVSA is an alter ego of Venezuela. *See OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, 73 F.4th 157, 172 (3d Cir. 2023) ("[I]t is clear PDVSA is Venezuela's alter ego.").

5. Defendant PDVSA Petróleo S.A. is a corporation organized under the laws of the Bolivarian Republic of Venezuela. Petróleo is owned directly by PDVSA and indirectly by the Republic.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1330(a) and 28 U.S.C. § 1367(a).

7. PDVSA is a foreign corporation owned directly by the Republic and therefore PDVSA is an "agency or instrumentality" of a foreign state. 28 U.S.C. § 1603(b).

8. PDVSA has explicitly and unconditionally waived sovereign immunity under Article IX, Section 9.15(c) of the Note Agreement with respect to any action or proceeding arising out of or relating to the Note Agreement or the Note issued pursuant to the Note Agreement by

holders of the Note issued thereunder, and is, therefore, not entitled to immunity under 28 U.S.C. §§ 1605-07. *See* Ex. 1 at 40, Section 9.15(c) ("To the extent that the Issuer or the Guarantor has or hereafter may acquire any immunity from jurisdiction of any court or from any legal process, the Issuer and the Guarantor each hereby waives such immunity and hereby agrees not to assert, by way of motion, as a defense or otherwise, in any suit, action or proceeding the defense of sovereign immunity or any claim that it is not personally subject to the jurisdiction of the above-named courts by reason of sovereign immunity or otherwise, or that it is immune from any legal process (whether through service of notice, attachment prior to judgment, attachment in aid of execution, execution or otherwise) with respect to itself or its property or from attachment either prior to judgment or in aid of execution by reason of sovereign immunity . . .").

9. Accordingly, this Court has subject matter jurisdiction over claims against PDVSA pursuant to 28 U.S.C. § 1330(a).

10. Petróleo is a foreign corporation that is not directly owned by a foreign state. Petróleo, therefore, is not entitled to immunity under 28 U.S.C. §§ 1605-07.

11. Pursuant to Article VI, Section 6.01 of the Note Agreement, Petróleo "absolutely, irrevocably and unconditionally" guaranteed PDVSA's payment obligations under the Note Agreement and the Notes. Ex. 1 at 1, Preamble (defining Petróleo as the Guarantor); *id.* at 28, Section 6.01. Further, pursuant to Article IV, Section 6.04, Petróleo waived "[t]o the fullest extent permitted by applicable law, . . . any defense based on or arising out of any defense of the Issuer or the Guarantor or the unenforceability of all or any part of the Guaranteed Obligations from any cause, or the cessation from any cause of the liability of the Issuer or the Guarantor, other than the indefeasible payment in full in cash of the Guaranteed Obligations" and "irrevocably waive[d] acceptance hereof, presentment, demand, protest and, to the fullest extent permitted by law, any

notice not provided for herein, as well as any requirement that at any time any action be taken by any person against any Obligated Party or any other person." *Id.* at 30, Section 6.04.

12. Plaintiff's claim against Petróleo is so related to its claim in the action against PDVSA, which is within the Court's original jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution. Accordingly, the Court has jurisdiction over Petróleo under 28 U.S.C. § 1367(a).

13. In addition, this Court has personal jurisdiction over Defendants because Defendants explicitly consented to submit to the jurisdiction and venue of this Court with respect to any action or proceeding arising out of or relating to the Note Agreement or the Notes issued pursuant to the Note Agreement by holders of the Notes issued thereunder. *See* Ex. 1 at 40, Section 9.15(a).

14. Venue is proper in this district pursuant to the agreement of the parties and 28 U.S.C. § 1391(f). The Defendants "irrevocably and unconditionally" submitted to the "exclusive jurisdiction of any New York State court or federal court of the United States of competent jurisdiction sitting in the County of New York, State of New York, and any appellate court from any thereof" in any action or proceeding arising out of or relating to the Note Agreement or the Notes and waived any and all defenses as to venue, as well as to an inconvenient forum. *See* Ex. 1 at 40, Sections 9.15(a)–(b).

15. The Note Agreement, Note, and Assignment and Acceptances are all governed by New York Law. *See* Ex. 1 at 38, Section 9.07; *id.* at A-3, Exhibit A (Form of Note); and *id.* at C-2-4, Annex I (Standard Terms and Conditions for Assignment and Acceptance), Section 3 (General Provisions).

16. Defendants irrevocably appointed Corporation Service Company, their Process Agent, as their "agent to receive and forward any writs, process and summonses in any suit, action or proceeding brought in connection with" the Note Agreement or the Notes against PDVSA "in any court of the State of New York or any United States federal court sitting in the County of New York, State of New York." Ex. 1 at 9, Section 1.01 (definition of "Process Agent"); *id.* at 40–41, Section 9.15(d).

## FACTUAL ALLEGATIONS

### I. Ownership of the Notes

17. On June 29, 2016, PDVSA, as Issuer, and Petróleo, as Guarantor, entered into the Note Agreement with Servicios Halliburton de Venezuela, S.A. ("SHVSA"). Pursuant to the Note Agreement, PDVSA issued a Note to SHVSA designated as a "Series 2016E" Note and numbered R-1. *See* Exs. 1–2. The principal value for the Note is $200,000,123.50. The Note accrued interest at a rate of 6.5% per annum, with quarterly payments due beginning September 29, 2016 (for interest only) and September 29, 2017 (for interest and principal) and a maturity date of June 29, 2019.

18. Effective January 14, 2021, SHVSA assigned the Note to Plaintiff pursuant to the Assignment and Acceptance. A true and correct copy of the Assignment and Acceptance for Note R-1 is attached as Ex. 3. Plaintiff received an OFAC license for this transfer. A true and correct copy of the OFAC license is attached as Ex. 4. Pursuant to the Assignment and Acceptance, for the agreed consideration, SHVSA irrevocably sold and assigned to Plaintiff, and Plaintiff irrevocably purchased and assumed from SHVSA, "the interest in and to all of [SHVSA]'s rights and obligations under the Note Agreement . . . ." Ex. 3 at 1.

19. On January 14, 2021, Plaintiff served, and PDVSA received, a Notice of Assignment and Resignation of Administrative Agent in both English and Spanish. In the Notice

of Assignment and Resignation of Administrative Agent, Plaintiff, "as current Noteholder, provide[d] notice . . . of its request of the resignation of SHVSA in its position as Administrative Agent, and agree[d] to not appoint a successor Administrative Agent, whereby Girard Street Investment Holdings LLC [would] hereafter perform all duties of the Administrative Agent under the Note Agreement and/or under any other Finance Document, thus rendering the resignation of SHVSA effective immediately as of the [Effective d]ate . . ., and relieving, releasing and discharging SHVSA of all of its duties and obligations set forth in the Note Agreement." A true and correct copy of the Notice of Assignment and Resignation of Administrative Agent is attached as Ex. 5.

20. The Notice of Assignment and Resignation of Administrative Agent advised that "by notice dated December 4, 2019 and stamped received on December 4, 2019, SHVSA, in its capacity as Administrative Agent, notified and confirmed to the Issuer and the Guarantor that an Event of Default had occurred and was continuing. As of the date hereof, such Event of Default has not been cured." Ex. 5 at 2.

21. Pursuant to Section 9.17 of the Note Agreement, Plaintiff Girard Street Investment Holdings LLC, which has agreed to perform all duties of the Administrative Agent under the Note Agreement and/or under any other Finance Document, consents to the initiation of this action. Ex. 1 at 41–42, Section 9.17.

22. Pursuant to the Assignment and Acceptance, "[f]rom and after the Effective Date," "all payments in respect of the Assigned Interest (including payments of principal, interest and other amounts)" were required to be made "to the Assignor for amounts which have accrued up to but excluding the Effective Date and to the Assignee for amounts which have accrued from and after the Effective Date." Ex. 3 at 5, Annex I, Section 2 (Payments).

23. Pursuant to Article IX, Section 9.04(b) of the Note Agreement, an assignee has the rights and obligations of a Noteholder from and after the Effective Date specified in the Assignment and Acceptance. Ex. 1 at 35–36, Section 9.04(b).

## II. Defendants' Failure to Pay

24. The Note Agreement defined PDVSA's "payment date" as the date on which the principal and interest is due as set forth in the schedule of payments in Exhibit A to the Form of Note attached to the Note Agreement. *See* Ex. 1 at 6, Section 1.01 (definition of "Payment Date"); *id.* at A-1–A-2 (Exhibit A).

25. Based upon the specified repayment schedule, PDVSA was required to make quarterly interest-only payments for one year beginning on September 29, 2016, followed by quarterly payments of both interest and principal through June 29, 2019. Ex. 1 at A-1 (Exhibit A). Pursuant to Article VI, Section 6.01 of the Note Agreement, Petróleo "absolutely, irrevocably and unconditionally" guaranteed PDVSA's payment obligations under the Note Agreement "as primary obligor and not merely as surety". *Id.* at 28, Section 6.01.

26. Under the Note Agreement, failure to make the required payments when due constitutes an Event of Default and permits the Noteholders to recover the entire unpaid balance of the Note, plus interest at a default rate of 8.5% per annum. Ex. 1 at Article VII (Events of Default) and Section 2.04 (Default Interest). In particular, Article VII(a) of the Note Agreement defines "Events of Default" to include "the failure to pay the principal of, or interest on any of the Notes, when such principal becomes due and payable, including at any of the Payment Dates, by acceleration or otherwise, and such failure continues for a period of ten (10) days after written notice thereof has been given to the Issuer." *Id.* at 30.

27. The parties agreed that the default rate of 8.5% per annum, rather than the federal post-judgment interest rate, would apply even after a judgment was issued:

> [F]rom the date the applicable action has been taken by the Required Noteholders and for so long as such Event of Default is continuing or until the date the Required Noteholders agree otherwise, to the extent permitted by law, all amounts outstanding under this Agreement and the other Finance Documents shall bear interest (*after as well as before judgment*), payable on demand, based on and computed on the basis of actual number of days elapsed on a year of 365 days, at a rate per annum equal to eight and one-half percent (8.50% ).

Ex. 1 at 12, Section 2.04 (emphasis added).

28. PDVSA failed to make the required principal payment on December 29, 2017 and the required principal and interest payments on March 29, 2018. Petróleo has not paid the December 29, 2017 principal payment or the March 29, 2018 principal and interest payment as Guarantor.

29. On April 17, 2018, SHVSA, the Noteholder and Administrative Agent at the time, delivered written notice to PDVSA that an Event of Default for non-payment of the December 2017 and March 2018 principal payments, and the March 2018 interest payment, had occurred and was continuing, and reserving certain rights and remedies. A true and correct copy of said notice is attached as Exhibit 6.

30. PDVSA failed to make the required principal and interest payments on June 29, 2018. Petróleo has not paid the June 29, 2018 principal and interest payment as Guarantor.

31. On August 6, 2018, SHVSA, the Noteholder and Administrative Agent at the time, delivered written notice to PDVSA that an Event of Default for non-payment of the December 2017, March 2018, and June 2018 principal payments, and the March 2018 and June 2018 interest payments, had occurred and was continuing, and reserving certain rights and remedies. A true and correct copy of said notice is attached as Exhibit 7.

32. PDVSA failed to make the required principal and interest payments on September 29, 2018; December 29, 2018; and March 29, 2019. Petróleo has not paid the September 29, 2018; December 29, 2018; or March 29, 2019 principal and interest payments as Guarantor.

33. On May 14, 2019, SHVSA, the Noteholder and Administrative Agent at the time, delivered written notice to PDVSA that an Event of Default for non-payment of the December 2017; March 2018; June 2018; September 2018; December 2018; and March 2019 principal payments, and the March 2018; June 2018; September 2018; December 2018; and March 2019 interest payments, had occurred and was continuing, and reserving certain rights and remedies. A true and correct copy of said notice is attached as Exhibit 8.

34. PDVSA failed to make the final required principal and interest payments on June 29, 2019. Petróleo has not paid the June 29, 2019 principal and interest payments as Guarantor.

35. On December 4, 2019, SHVSA, the Noteholder and Administrative Agent at the time, delivered written notice to PDVSA that an Event of Default for non-payment of the December 2017; March 2018; June 2018; September 2018; December 2018; March 2019; and June 2019 principal payments, and the March 2018; June 2018; September 2018; December 2018; March 2019; and June 2019 interest payments, had occurred and was continuing, and reserving certain rights and remedies. A true and correct copy of said notice is attached Exhibit 9.

36. To date, PDVSA and Petróleo have not made any additional payments on the outstanding amounts, or raised any defenses to payment.

37. Accordingly, to date, Defendants owe Plaintiff $263,557,354.55, including default interest that continues to accrue at the rate of 8.5% per annum, plus pre- and post-judgment interest at the rate of 8.5% per annum, fees and other costs. Ex. 1 at 16, Section 2.04. Defendants' default also entitles Plaintiff to all costs and expenses, including reasonable attorneys' fees and court costs, incurred in collecting or otherwise enforcing the Note Agreement. Ex. 1 at 28, Section 6.01; *id.* at 30, Article VII.

38. Plaintiff and prior Noteholder SHVSA have fully performed their obligations

under the Note Agreement and Note.

39. PDVSA is contractually obligated to pay the amounts of interest and principal declared to be due and payable, together with accrued interest thereon, "without presentment, demand, protest or any other notice of any kind…" Ex. 1 at 32, Article VII.

40. Petróleo, as Guarantor, contractually agreed that Plaintiff may recover under the Guarantee regardless of whether the obligations in the Note Agreement are invalid, illegal or unenforceable and waived "any defense based on or arising out of any defense of the Issuer or the Guarantor or the unenforceability of all or any part of the Guaranteed Obligations…" Ex. 1 at 29–30, Sections 6.03(b) and 6.04. Petróleo further waived any right to "acceptance hereof, presentment, demand, protest and, to the fullest extent permitted by law, any notice not provided for herein, as well as any requirement that at any time any action be taken by any person against any Obligated Party or any other person." *Id.* at 30, Section 6.04.

41. Defendants have invoked US sanctions against Venezuela and PDVSA offensively, claiming that these sanctions prevent creditors from enforcing their rights, but cases against Defendants and Venezuela are proceeding apace in this Court and others. *See, e.g.*, *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. and PDVSA Petróleo S.A.*, No. 19-cv-2519 (S.D.N.Y.); *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-151 (D. Del.); *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A. and PDVSA Petróleo S.A.*, No. 22-mc-69 (D. Del.). Sanctions do not excuse Defendants' contractual obligations.

42. Accordingly, Defendants are in breach of their contractual obligations under the Note Agreement and the Note.

## CLAIM FOR RELIEF

### COUNT I
### For Breach of Contract on the Note
### (against PDVSA)

43. Plaintiff repeats and realleges the allegations set forth above and herein.

44. The Note Agreement is a legally enforceable agreement by and between Plaintiff and PDVSA.

45. Plaintiff performed all of its obligations under the Note Agreement.

46. Pursuant to the terms of the Note Agreement, PDVSA is obligated to pay principal and interest on the Note, but PDVSA has failed to make the required payments of principal and interest on the Note to Plaintiff.

47. By reason of the foregoing, PDVSA has breached its contractual obligations to Plaintiff and PDVSA is liable to Plaintiff for the amount of $263,557,354.55, including default interest that continues to accrue at 8.5% per annum, plus pre- and post-judgment interest thereon at the rate of 8.5% per annum.

### COUNT II
### For Breach of Contract on the Note
### (against Petróleo)

48. Plaintiff repeats and realleges the allegations set forth above and herein.

49. The Note Agreement, which includes the Guarantee, is a legally enforceable agreement by and between Plaintiff and Petróleo.

50. Plaintiff performed all of its obligations under the Note Agreement.

51. Pursuant to the terms of the Guarantee, Petróleo is liable for payments under the Note Agreement and Note. Petróleo is obligated to pay principal and interest on the Note, but Petróleo has failed to make the required payments of principal and interest on the Note to Plaintiff.

52. By reason of the foregoing, Petróleo has breached its contractual obligations to Plaintiff and Petróleo is liable to Plaintiff for the amount of $263,557,354.55, including default interest that continues to accrue at 8.5% per annum, plus pre- and post-judgment interest thereon at the rate of 8.5% per annum.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendants, as follows:

i. entering judgment in favor of Plaintiff and against Defendants, which are jointly and severally liable to Plaintiff for breach of contract;

ii. awarding Plaintiff damages against Defendants, jointly and severally, in the amount of $263,557,354.55, including default interest that continues to accrue at 8.5% per annum, plus pre- and post-judgment interest at the rate of 8.5% per annum, fees and costs;

iii. awarding Plaintiff reasonable attorneys' fees and costs incurred by Plaintiff in enforcing its rights and remedies under the Note Agreement and the Note;

iv. expediting relief in light of other creditors seeking to enforce their rights; and

v. granting such other and further relief as this Court shall deem just and proper.

Dated: December 11, 2023  
New York, NY

Respectfully,

By: /s/ *Evan Glassman*
    Evan Glassman
    STEPTOE LLP
    1114 Avenue of the Americas
    New York, NY 10036
    Tel: (212) 506-3900
    Fax: (212) 506-3950
    E-mail: eglassman@steptoe.com

    Michael J. Baratz
    (*pro hac vice* application forthcoming)
    Emma Marshak
    (*pro hac vice* application forthcoming)
    STEPTOE LLP
    1330 Connecticut Avenue, NW
    Washington, DC 20036
    Tel: (202) 429-3000
    Fax: (202) 429-3902
    E-mail: mbaratz@steptoe.com
    E-mail: emarshak@steptoe.com

    *Counsel for Plaintiff*
    *Girard Street Investment Holdings LLC*