# EXHIBIT 3

EXECUTION VERSION

## ASSIGNMENT AND ACCEPTANCE

This Assignment and Acceptance (this "Assignment") is dated as of the Effective Date set forth below and is entered into by and between Servicios Halliburton de Venezuela, S.A. (the "Assignor") and Girard Street Investment Holdings LLC (the "Assignee"). All capitalized terms used but not otherwise defined herein have the meanings given to them in the Note Agreement identified below (the "Note Agreement"), receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex 1 attached hereto (the "Standard Terms and Conditions") are hereby agreed to and incorporated herein by reference and made a part of this Assignment as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Finance Documents, as of the Effective Date set forth below, the interest in and to all of the Assignor's rights and obligations under the Note Agreement (or, if a Note has been transferred to an Assignee in part, a portion thereof equivalent to the portion of such Note transferred to the Assignee), the other Transaction Documents and any other agreements, documents or instruments delivered pursuant thereto or for the benefit of the Noteholders relating thereto that represents the amount identified below of all of the Assignor's outstanding rights and obligations under the Note identified below (collectively, the "Assigned Interest"). Such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment, without representation or warranty by the Assignor.

| | | |
|---|---|---|
| (a) | Assignor: | Servicios Halliburton de Venezuela, S.A. |
| (b) | Assignee: | Girard Street Investment Holdings LLC |
| (c) | Issuer: | Petróleos de Venezuela, S.A. |
| (d) | Administrative Agent: | Servicios Halliburton de Venezuela, S.A. |
| (e) | Note Agreement: | The Note Agreement, dated as of June 29, 2016 (as the same may be amended, restated, supplemented or otherwise modified from time to time in accordance with its terms), by and among Petróleos de Venezuela, S.A. as Issuer, PDVSA Petróleo, S.A., as Guarantor, the Noteholders that are a party thereto from time to time and Servicios Halliburton de Venezuela, S.A., as Administrative Agent. |
| (f) | Assigned Interest: | Unpaid principal balance of $175,000,116.03 on the Series 2016E, R-1 Note dated June 29, 2016, together with all accrued and unpaid interest and all other amounts due and owing thereunder. |
| (g) | Account for Payments: | Account Name: Girard Street Investment Holdings LLC<br>Bank: City National Bank<br>Account #: ■■■■■■<br>ABA#: 122016066<br>SWIFT BIC Code: CINAUS6L |

**Effective Date: January 14, 2021**

A43016518

The terms set forth in this Assignment are hereby agreed to:

**ASSIGNOR**
Servicios Halliburton de Venezuela, S.A.

By: *[signature]*
Name: Walter Sales Navas
Title:

**ASSIGNEE**
Girard Street Investment Holdings LLC

By: _____
Name: Joshua O'Melia
Title: Authorized Signatory


By: _____
Name: Matthew Maloney
Title: Authorized Signatory

ANNEX 1

NOTE AGREEMENT, DATED AS OF JUNE 29, 2016, BY AND AMONG PETROLEOS DE VENEZUELA, S.A., AS ISSUER, PDVSA PETROLEO, S.A., AS GUARANTOR, THE NOTEHOLDERS THAT ARE A PARTY THERETO FROM TIME TO TIME AND SERVICIOS HALLIBURTON DE VENEZUELA, S.A., AS ADMINISTRATIVE AGENT

STANDARD TERMS AND CONDITIONS FOR ASSIGNMENT
AND ACCEPTANCE

1. **Representations and Warranties**

1.1 **Assignor**

The Assignor (a) represents and warrants that (i) it is the legal and beneficial owner of the Assigned Interest, (ii) the Assigned Interest is free and clear of any lien, encumbrance or other adverse claim and (iii) it has full power and authority, and has taken all action necessary, to execute and deliver this Assignment and to consummate the transactions contemplated hereby; and (b) assumes no responsibility with respect to (i) any statements, warranties or representations made in or in connection with the Note Agreement or any other agreement, instrument or document delivered pursuant thereto or for the benefit of the Noteholders relating thereto, other than this Assignment (collectively, the "Finance Documents"), (ii) the execution, legality, validity, enforceability, genuineness, sufficiency or value of the Finance Documents, or any collateral thereunder, (iii) the financial condition of the Issuer, the Guarantor, any of the Subsidiaries or any of their respective Affiliates in respect of any Finance Document, or (iv) the performance or observance by the Issuer, the Guarantor, any of the Subsidiaries or any of their respective Affiliates of any of their respective obligations under any Finance Document.

1.2 **Assignee**

The Assignee (a) represents and warrants that (i) it has full power and authority, and has taken all action necessary, to execute and deliver this Assignment and to consummate the transactions contemplated hereby and to become a Noteholder under the Note Agreement, (ii) it is not an Eligible Institution and, unless the assignment evidenced by this Assignment and Acceptance has been consented to by the Issuer in accordance with the second sentence of Section 9.04(b) of the Note Agreement, is not an Ineligible Transferee, (iii) from and after the Effective Date, it shall be bound by the provisions of the Note Agreement and, to the extent of the Assigned Interest, shall have the obligations of a Noteholder thereunder, and (iv) it has received a copy of the Note Agreement, together with copies of the most recent financial statements delivered pursuant to Section 5.04 thereof and such other documents and information as it has deemed appropriate to make its own credit analysis and decision to enter into this Assignment and to purchase the Assigned Interest on the basis of which it has made such analysis and decision; and (b) agrees that (i) it will, independently and without reliance on the Administrative Agent, the Assignor or any other Noteholder, and based on such documents and information as it shall deem appropriate at the time, continue to make its own credit decisions in taking or not taking action under the Finance Documents, and (ii) it will perform in accordance with their terms all of the obligations which by the terms of the Finance Documents are required to be performed by it as a Noteholder.

2. **Payments**

   From and after the Effective Date, the Administrative Agent shall make all payments in respect of the Assigned Interest (including payments of principal, interest and other amounts) to the Assignor for amounts which have accrued up to but excluding the Effective Date and to the Assignee for amounts which have accrued from and after the Effective Date.

3. **General Provisions**

   This Assignment shall be binding upon, and inure to the benefit of, the parties hereto and their respective successors and permitted assigns. This Assignment may be executed in any number of counterparts, which together shall constitute one instrument. Delivery of an executed counterpart of a signature page of this Assignment by telecopy and electronic mail shall be equally effective to the delivery of a manually executed counterpart of this Assignment. THIS ASSIGNMENT AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES HEREUNDER SHALL BE GOVERNED BY, AND SHALL BE CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE INTERNAL LAWS OF THE STATE OF NEW YORK (INCLUDING SECTION 5-1401 OF THE GENERAL OBLIGATIONS LAW OF THE STATE OF NEW YORK), WITHOUT REGARD TO CONFLICTS OF LAWS PRINCIPLES.

   *[remainder of page intentionally left blank]*