UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
GIRARD STREET INVESTMENT HOLDINGS, LLC,

        Plaintiff,

-v-

PETRÓLEOS DE VENEZUELA, S.A. and PDVSA Petróleo S.A.,

        Defendants.

------------------------------------------------------- X

Case No.  1:23-cv-10772-JSR
[Rel. No.  1:23-cv-10766-JSR]

## **DECLARATION OF HORACIO FRANCISCO MEDINA HERRERA**

I, Horacio Francisco Medina Herrera, declare the following pursuant to 28 U.S.C. §1746:

1. I am the chair of the *ad hoc* Board of Directors of Petróleos de Venezuela, S.A. ("PDVSA"). I submit this Declaration in support of PDVSA's motion to void the default judgment pronounced on March 8, 2024. *See* Dkt. No. 34. I make this Declaration based on my personal knowledge and on the review of the pertinent documents. If I am called to testify, I could and would competently testify on the matters established in this Declaration.

2. I have been a member of the PDVSA's *ad hoc* Board of Directors since June 30, 2020, and have functions as Chair from December 7, 2020, to the present.

3. The Plaintiff states that on December 20, 2023, they served PDVSA with the initial petition and the documents attached thereto through Corporation Service Company ("CSC"). *See, in general* Dkt. No. 27.

1

4. Nonetheless, CSC never sent the initial petition and the documents attached thereto from the Plaintiff to PDVSA because by December 20, 2023, CSC was no longer a service agent of PDVSA.

5. Subsequent to certain fraudulent presidential elections in Venezuela in the year 2018, in January of 2019 the National Assembly designated Representative Juan Guaidó as acting president, whose government was immediately recognized by the Government of the United States on January 23, 2019.[1] In addition, the National Assembly of Venezuela dictated the Statute Governing the Transition to Democracy to Restore the Prevailing of the Constitution of the Bolivarian Republic of Venezuela,[2] which was constituted on the legal basis of institutionality and a transition regime while democracy is being restored. That Statute provided for the creation of an *ad hoc* Board of Directors that would exercise the direction and representation of PDVSA outside of Venezuelan territory for the administration and defense of its assets.

6. Even though that *ad hoc* board took control of PDVSA abroad, and especially in the United States, the *ad hoc* board does not have access to the documents and legal records of the previous authorities nor of any that still illegally exist in Venezuela, designated by the anti-democratic regime of Nicolas Maduro. As a consequence, PDVSA is not aware of the details regarding when and how CSC resigned from its designation as agent.

7. Nonetheless, there is no doubt that, as of when the *ad hoc* board took control, CSC has not sent PDVSA any legal document, nor has it contacted PDVSA in any other way. At no time did CSC send the initial petition of the Plaintiff to PDVSA, nor has it notified PDVSA of this lawsuit. In fact, all the members of the *ad hoc* board have reviewed their records and can state that they have not

---

[1] *See* Michael R. Pompeo, *Declaration of the U.S. State Department Recognizing the Interim Government of Juan Guaidó*, State Department of the United States (January 23, 2019), https://2017- 2021.state.gov/recognition-of-juan-guaido-as-venezuelas-interim-president/#:~:text=Washington%2C%20DC-,January%2023%2C%202019,in%20restoring%20democracy%20to%20Venezuela.
[2] *See* Legislative Gazette No. 1 Special, Article 34 (February 6, 2019) available at https://asambleanacional-media.s3.amazonaws.com/documentos/gaceta/gaceta_1570546878.pdf ).

received notification of this lawsuit in any way. As a consequence, PDVSA did not receive timely service of this action.

8. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Date of execution: 23 of July of 2024
Doral, Florida

/s/ [signature]
Horacio Francisco Medina Herrera
Chair of the *ad hoc* Board of Directors of
Petróleos de Venezuela, S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
GIRARD STREET INVESTMENT HOLDINGS, LLC,

          Plaintiff,

-v-

PETRÓLEOS DE VENEZUELA, S.A. and PDVSA Petróleo S.A.,

          Defendants.
------------------------------------------------------- X

Case No. 1:23-cv-10772-JSR
[Rel. No. 1:23-cv-10766-JSR]

## **DECLARACIÓN DE HORACIO FRANCISCO MEDINA HERRERA**

Yo, Horacio Francisco Medina Herrera, declaro de conformidad con 28 U.S.C. § 1746 lo siguiente:

1. Soy el presidente de la Junta Administrativa *ad hoc* de Petróleos de Venezuela, S.A. ("PDVSA"). Presento esta Declaración en apoyo a la moción de PDVSA para anular la sentencia en rebeldía dictada el 8 de marzo de 2024. *Véase* Dkt. No. 34. Hago esta Declaración basándome en mi conocimiento personal y en la revisión de los documentos pertinentes. Si soy llamado a declarar, podría testificar y testificaría competentemente sobre los asuntos establecidos en esta Declaración.

2. He sido miembro de la Junta Administrativa *ad hoc* de PDVSA desde el 30 de junio de 2020 y fungo como Presidente desde el 7 de diciembre de 2020 hasta la actualidad.

3. El Demandante afirma que el 20 de diciembre de 2023 notificaron a PDVSA de la petición inicial y los documentos adjuntos a través de Corporation Service Company ("CSC"). *Véase, en general* Dkt. No. 27.

1

4. Sin embargo, CSC nunca remitió la petición inicial y los documentos adjuntos del Demandante a PDVSA porque para el 20 de diciembre de 2023, CSC ya no era agente de servicio de PDVSA.

5. Luego de unas fraudulentas elecciones presidenciales en Venezuela en el año 2018, en enero de 2019 la Asamblea Nacional designó como presidente encargado al Diputado Juan Guaidó, cuyo gobierno fue inmediatamente reconocido por el Gobierno de los Estados Unidos en fecha 23 de enero de 2019.[1] Adicionalmente, la Asamblea Nacional de Venezuela dictó el Estatuto que rige la Transición a la Democracia para Restablecer la Vigencia de la Constitución de la República Bolivariana de Venezuela,[2] que se constituyó en el basamento legal de la institucionalidad y régimen de transición mientras se recupera la democracia.  A través de dicho Estatuto se dispuso la creación de una Junta administradora ad hoc que ejercería la conducción y representación de PDVSA fuera del territorio venezolano para la administración y defensa de sus activos.

6. A pesar de que junta *ad hoc* tomó el control de PDVSA en el extranjero y especialmente en los Estados Unidos, la junta *ad hoc* no tiene acceso a los documentos y registros legales de las autoridades anteriores ni de las que aún existes ilegalmente en Venezuela designadas por el régimen antidemocrático de Nicolas Maduro.  En consecuencia, PDVSA no está al tanto de los detalles sobre cuándo y cómo CSC renunció a su designación como agente.

7. Sin embargo, no hay duda de que, desde que la junta *ad hoc* tomó el control, CSC no ha enviado a PDVSA ningún documento legal ni se ha comunicado de ninguna otra manera con PDVSA.  En ningún momento CSC remitió la petición inicial del Demandante a PDVSA ni notificó

---

[1] *Véase* Michael R. Pompeo, *Declaración del Departamento de Estado de los EE. UU. reconociendo el Gobierno interino de Juan Guaidó*, Departamento de Estado de Los Estados Unidos (23 de enero del 2019), https://2017-2021.state.gov/recognition-of-juan-guaido-as-venezuelas-interim-president/#:~:text=Washington%2C%20DC-,January%2023%2C%202019,in%20restoring%20democracy%20to%20Venezuela.
[2] *Véase* Gaceta Legislativa No. 1 Extraordinario, Artículo 34 (06 de febrero de 2019) (disponible en https://asambleanacional-media.s3.amazonaws.com/documentos/gaceta/gaceta_1570546878.pdf ).

a PDVSA de esta demanda. De hecho, todos los miembros de la junta *ad hoc* han revisado sus registros y pueden afirmar que no han recibido notificación de esta demanda de ninguna forma. En consecuencia, PDVSA no recibió notificación oportuna de esta acción.

8. De conformidad con 28 U.S.C. § 1746, declaro bajo pena de perjurio que lo anterior es verdadero y correcto.

Fecha de ejecución: 23 de julio de 2024
Doral, Florida

/s/
Horacio Francisco Medina Herrera
Presidente Junta Administrativa *ad hoc* de
Petróleos de Venezuela, S.A.

# JAMES A. CLARK
## CERTIFICATE OF TRANSLATION

STATE OF TEXAS         §
                       §
COUNTY OF HARRIS       §

I, James A. Clark, who, declare the following:

1. My name is James A. Clark. I am over eighteen (18) years of age, I have never been convicted of a felony or a crime of moral turpitude, and I am competent to make this affidavit.

2. I am a professional translator. I am a Master Licensed Court Interpreter with a Spanish endorsement in the State of Texas. I am also a Certified Translator, certified by the American Translators Association.

3. I have worked as a professional translator for over 20 years. I have specialized experience in legal and technical translation.

4. I hereby certify to the best of my knowledge and ability that the translation of the following documents from Spanish to English is fair and accurate:

Declaration of Horacio Francisco Medina Herrera, dated July 23, 2024 regarding Civil Action No. 1:23-cv-10772-JSR (GIRARD STREET INVESTMENT HOLDINGS LLC v. PETRÓLEOS DE VENEZUELA, S.A., AND PDVSA PETRÓLEO, S.A.)

5. I have read this affidavit and have had the opportunity to make any corrections. I have given this affidavit voluntarily and, by my signature below, swear that it is true and correct.

July 29, 2024                               *James Clark*
Date                                          Signature



Verify at www.atanet.org/verify