UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GIRARD STREET INVESTMENT HOLDINGS LLC,

    Plaintiff,

    v.

PETRÓLEOS DE VENEZUELA, S.A. and PDVSA PETRÓLEO S.A.,

    Defendants.

Case No. 23-cv-10772-JSR

---

**PLAINTIFF GIRARD STREET INVESTMENT HOLDINGS LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH POST-JUDGMENT DISCOVERY REQUESTS**

Evan Glassman
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
E-mail: eglassman@steptoe.com

Michael J. Baratz (*pro hac vice*)
Emma Marshak (*pro hac vice*)
STEPTOE LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel: (202) 429-6468
Fax: (202) 429-3902
E-mail: mbaratz@steptoe.com
Email: emarshak@steptoe.com

*Counsel for Plaintiff*
*Girard Street Investment Holdings LLC*

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1
BACKGROUND ............................................................................................................................ 1
LEGAL STANDARD..................................................................................................................... 3
ARGUMENT .................................................................................................................................. 5
    I.   The Court Should Grant Girard Street's Motion to Compel................................................ 5
        A.  No Valid Objections Have Been Raised to the Discovery Requests. ........................... 5
        B.  Girard Street Seeks Documents and Information Relevant to Enforcement. ............... 7
CONCLUSION............................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alkali Sci. LLC v. Ax Cap., Inc.*,
   No. 22-CV-6469 (MKB) (TAM), 2024 WL 3742717 (E.D.N.Y. Aug. 9, 2024) ......................8

*Aurelius Cap. Master, Ltd. v. Republic of Argentina*,
   589 F. App'x 16 (2d Cir. 2014) ........................................................................................8

*Citibank, N.A. v. Aralpa Holdings Ltd. P'ship*,
   No. 1:22-CV-08842 (JLR), 2024 WL 1555231 (S.D.N.Y. Apr. 10, 2024) ...........................4, 7

*EM Ltd. v. Republic of Argentina*,
   695 F.3d 201, 207 (2d Cir. 2012) .................................................................................3, 4, 5

*Exp.-Imp. Bank of Republic of China v. Democratic Republic of Congo*,
   No. 16-CV-4480 (DAB), 2018 WL 10601809 (S.D.N.Y. Aug. 29, 2018) ..............................4

*First City, Tex. Hous. N.A. v. Rafidain Bank*,
   281 F.3d 48 (2d Cir. 2002) ..............................................................................................3, 8

*Gujarat State Petroleum Corp. Ltd. v. Republic of Yemen*,
   No. 19-MC-0547 (RA), 2022 WL 1567464 (S.D.N.Y. May 18, 2022) ...............................5, 9

*Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship v. Qin*,
   No. 21 CIV. 9221 (KPF), 2024 WL 262741 (S.D.N.Y. Jan. 24, 2024) ....................................8

*Lisogor v. Nature's Delight, Inc.*,
   189 A.D.3d 1386 (2d Dep't 2020) ......................................................................................6

*Mirra v. Jordan*,
   No. 15-CV-4100 (AT) (KNF), 2016 WL 889559 (S.D.N.Y. Mar. 1, 2016) ...........................6

*Petrocelli v. Petrocelli Elec. Co.*,
   995 N.Y.S.2d 552 (1st Dep't 2014) .....................................................................................8

*Plaza Motors of Brooklyn, Inc. v. Rivera*,
   No. 19-CV-6336 (LDH), 2021 WL 4356011 (E.D.N.Y. Sept. 24, 2021) .................................7

*Republic of Argentina v. NML Cap., Ltd.*,
   573 U.S. 134 (2014) ........................................................................................................3, 4

*Stati v. Republic of Kazakhstan*,
   No. 19 Misc. 382 (PAE), 2024 WL 3442663 (S.D.N.Y. Jul. 17, 2024) ...............................2, 6

*Weng v. Kung Fu Little Steamed Buns Ramen, Inc.*,
   No. 17-CV-273 (LAP), 2023 WL 5835030 (S.D.N.Y. Sept. 7, 2023) .......................................7

**Other Authorities**

CPLR § 2308(b) ..............................................................................................................................5

CPLR § 5223 ...............................................................................................................................4, 5

CPLR § 5224(a) ..............................................................................................................................4

Fed. R. Civ. P. 37(a) .......................................................................................................................4

Fed. R. Civ. P. 45(g) ...................................................................................................................5, 9

Fed. R. Civ. P. 69(a) .......................................................................................................................3

**INTRODUCTION**

Pursuant to Rules 37 and 69 of the Federal Rules of Civil Procedure ("Rules") and Local Civil Rule 37.2 of the Local Civil Rules of the United States District Court for the Southern District of New York ("Local Rules"), Plaintiff Girard Street Investment Holdings LLC ("Girard Street") submits this Memorandum of Law in Support of its Motion to Compel Compliance with Post-Judgment Discovery Requests, served on Defendant Petróleos de Venezuela, S.A. ("PDVSA") on July 16, 2024 and on non-parties PDV Holding, Inc. ("PDVH"), Citgo Holding, Inc. ("Citgo Holding"), and Citgo Petroleum Corp. ("Citgo") on July 17, 2024.

**BACKGROUND**

On March 8, 2024, this Court entered default judgment in favor of Girard Street and against Defendants PDVSA and PDVSA Petróleo S.A. ("Petróleo"). Dkt. No. 34. Following the entry of the judgment, on June 10, 2024, Girard Street commenced enforcement proceedings against PDVSA's alleged alter ego PDVH in a related action. *Girard Street Investment Holdings LLC v. PDV Holding, Inc.*, 24-cv-4448 (S.D.N.Y.) ("*Girard Street v. PDVH*"). The next day, on June 11, 2024, counsel for PDVSA entered Notices of Appearances in this case. Dkt. Nos. 38-39.

Over a month later, on July 16, 2024, Girard Street served counsel for PDVSA with post-judgment discovery requests. *See* Declaration of Michael J. Baratz ("Baratz Declaration") ¶ 3 and Ex. A. Specifically, Girard Street served PDVSA with Requests for Production of Documents in Aid of Execution, *id.*, Ex. B, and an Information Subpoena, *id.*, Ex. C (collectively, the "PDVSA Discovery"). The same day, Girard Street notified counsel for PDVSA that it intended to serve post-judgment discovery requests on PDVH, Citgo Holding, and Citgo pursuant to Federal Rules of Civil Procedure 45 and 69, and provided PDVSA copies of the subpoenas that would be served

1

on July 17, 2024.[1]  *Id.* ¶ 6 and Exs. D and E.

On July 17, 2024, Girard Street personally served each of PDVH, Citgo Holding, and Citgo through their registered agent The Corporation Trust Company with Rule 45 subpoenas.  *See id.* ¶ 7 and Ex. F, G, and H (the "Third-Party Subpoenas," and, together with the PDVSA Discovery, the "Discovery Requests").  The Third-Party Subpoenas include Requests for Production of Documents in Aid of Execution (Schedule A) and an Information Subpoena (Schedule B).  *Id.*, Exs. I, J, and K.  The same day, Girard Street provided counsel for PDVH, who had appeared in *Girard Street v. PDVH*, with email courtesy copies of the Rule 45 subpoena directed to PDVH.  *Id.* ¶ 11 and Ex. L.

On July 21, 2024, counsel for PDVSA informed Girard Street that PDVSA would not respond to discovery pending its motion to vacate the default judgment.[2]  *Id.* ¶ 12 and Ex. M.  At that time, there were several conferences with the Court scheduled, and in a meet and confer on July 25, 2024 following a pre-motion hearing in this case, counsel for Girard Street suggested that the parties might be guided by the Court's approach to the case management schedule in *Girard Street v. PDVH* in light of the pending motions to dismiss and stay the proceeding in that case.  *Id.* ¶ 12.  On August 5, 2024, immediately following the *Girard Street v. PDVH* case management conference, counsel for Girard Street conferred via email with counsel for PDVSA, PDVH, Citgo Holding, and Citgo and offered a reasonable extension of the deadlines to respond to the Discovery

---

[1] This notice was a courtesy, and is not required.  *See Stati v. Republic of Kazakhstan*, No. 19 Misc. 382 (PAE), 2024 WL 3442663, at *7 (S.D.N.Y. Jul. 17, 2024) ("Neither the Federal Rules of Civil Procedure nor New York law require a judgment creditor to provide notice to the judgment debtor when issuing post-judgment discovery subpoenas to non-parties."; *id.* at *7 n.3 ("By its plain terms, [Rule 45's] notice requirement is limited to pre-trial subpoenas. The natural implication is that subpoenas issued after trial—*i.e.*, post-judgment subpoenas—are exempt from the notice requirement. The vast majority of courts to address this issue have so held.") (collecting cases).
[2] PDVH moved on August 1, 2024 to stay Girard Street's veil-piercing and turnover proceedings in *Girard Street v. PDVH*, Dkt. No. 24.

2

Requests. *Id.* ¶ 13 and Ex. N. On August 7, 2024, however, counsel for PDVSA, PDVH, Citgo Holding, and Citgo declined the offer for an extension and insisted that they would not respond to the Discovery Requests until this Court rules on PDVSA's motion to vacate. *Id.* ¶ 14.

The deadlines for responses to the Discovery Requests—August 15, 2024 (for the PDVSA Discovery) and August 16, 2024 (for the Third-Party Subpoenas)—have now passed. Despite the parties' attempts to resolve this discovery dispute without court intervention since such deadlines, the parties are at an impasse. Because the Discovery Requests are entirely appropriate under the Rules, Girard Street respectfully requests that this Court issue an order compelling responses by PDVSA, PDVH, Citgo Holding, and Citgo.

## **LEGAL STANDARD**

"Broad post-judgment discovery in aid of execution is the norm in federal and New York state courts." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014). "Discovery of a judgment debtor's assets is conducted routinely under" Rule 69(a)(2), *First City, Tex. Hous. N.A. v. Rafidain Bank*, 281 F.3d 48, 54 (2d Cir. 2002), which provides: "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). "It is not uncommon to seek asset discovery from third parties, including banks, that possess information pertaining to the judgment debtor's assets, . . . [n]or is it unusual for the judgment creditor to seek disclosure related to assets held outside the jurisdiction of the court where the discovery request is made." *EM Ltd.*, 695 F.3d at 207-08 (citations omitted). The guiding consideration is whether the requested discovery is "calculated to assist in collecting on a judgment." *Id.* at 207.

The New York Civil Practice Law and Rules ("CPLR") governing judgment enforcement

3

"have a similarly broad sweep." *Id.* CPLR § 5223 "entitles judgment creditors to discover 'all matter relevant to the satisfaction of [a] judgment,'" *NML*, 573 U.S. at 139 (quoting CPLR § 5223), "permitting 'investigation [of] any person shown to have any light to shed on the subject of the judgment debtor's assets or their whereabouts,'" *id.* (quoting D. Siegel, *New York Practice* § 509, p. 891 (5th ed. 2011)). The standard is "generous" and subpoenas issued thereunder may cover "a broad range of inquiry through either the judgment debtor or any third person with knowledge of the debtor's property."³ *Citibank, N.A. v. Aralpa Holdings Ltd. P'ship*, No. 1:22-CV-08842 (JLR), 2024 WL 1555231, at *2 (S.D.N.Y. Apr. 10, 2024) (quoting *ICD Grp., Inc. v. Isr. Foreign Trade Co. (USA)*, 638 N.Y.S.2d 430, 430 (1st Dep't 1996)); *see also id.* at *2 (quoting *Lisogor v. Nature's Delight, Inc.*, 189 A.D.3d 1386, 1388 (2d Dep't 2020)) ("A judgment creditor is entitled to discovery from either the judgment debtor or a third party in order to determine whether the judgment debtor concealed any assets or transferred any assets so as to defraud the judgment creditor or improperly prevented the collection of the underlying judgment.").

"[A] judgment creditor may move to compel a judgment debtor's compliance with post-judgment discovery requests" under Rule 37(a). *Exp.-Imp. Bank of Republic of China v. Democratic Republic of Congo*, No. 16-CV-4480 (DAB), 2018 WL 10601809, at *2 (S.D.N.Y. Aug. 29, 2018) (citing *Amtrust N. Am., Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC*, No. 16-mc-0340 (CM), 2016 WL 6208288, at *4 (S.D.N.Y. Oct. 18, 2016)); Fed. R. Civ. P. 37(a)(1). "Motions to compel pursuant to Rule 37 may be granted against parties who had defaulted in the underlying action." *Exp.-Imp. Bank*, 2018 WL 10601809, at *2 (citing cases).

---

³ Third parties may be served with an information subpoena so long as "the judgment creditor or the judgment creditor's attorney has a reasonable belief that the party receiving the subpoena has in their possession information about the debtor that will assist the creditor in collecting his or her judgment." CPLR § 5224(a)(3)(i).

This Court "has considerable discretion" in deciding whether to grant a motion to compel post-judgment discovery. *Gujarat State Petroleum Corp. Ltd. v. Republic of Yemen*, No. 19-MC-0547 (RA), 2022 WL 1567464, at *2 (S.D.N.Y. May 18, 2022); *accord EM Ltd.*, 695 F.3d at 207 (explaining that district courts are given "broad latitude to determine the scope of discovery and to manage the discovery process"). A court may compel compliance with a subpoena issued pursuant to CPLR § 5223 if the recipient fails to comply. *See* CPLR § 2308(b)(1) ("If the court finds that the subpoena was authorized, it shall order compliance . . . ."). Likewise, a party subpoenaed pursuant to Rule 45 may be compelled to respond or held in contempt if the recipient "fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(g). "The party objecting to a discovery request 'bears the burden of showing why discovery should be denied.'" *Gujarat*, 2022 WL 1567464, at *2 (quoting *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 87 (S.D.N.Y. 2016)).

## ARGUMENT

**I.     The Court Should Grant Girard Street's Motion to Compel.**

    **A.     No Valid Objections Have Been Raised to the Discovery Requests.**

Counsel for PDVSA, PDVH, Citgo Holding, and Citgo did not object to any individual Discovery Request, but rather refused to respond solely on account of PDVSA's pending motion to vacate.[4] *See* Baratz Decl., ¶¶ 12-13 and Exs. M and N. In other words, PDVSA, PDVH, Citgo Holding, and Citgo unilaterally decided that they are not subject to post-judgment discovery now that PDVSA has filed a motion to vacate the judgment. They are wrong.

---

[4] Pursuant to Local Rule 37.1 and in the interest of judicial efficiency, Girard Street incorporates by reference the entire text of the Discovery Requests. *See* Baratz Decl., Exs. B, C, H, I, and J.

5

The mere fact that a judgment has been challenged does not justify a party's refusal to comply with post-judgment discovery.[5]  In *Stati v. Republic of Kazakhstan*, for example, Kazakhstan moved for a protective order that would, among other things, quash the judgment creditors' third-party subpoenas pending a ruling on its motion to vacate the underlying judgment filed in another federal district court.  2024 WL 3442663, at *7-8.  Judge Engelmayer denied Kazakhstan's motion and concluded, in relevant part:

> Nor does the pendency of Kazakhstan's Rule 60(d) action in the U.S. District Court for the District of Columbia to vacate the underlying judgment justify the extraordinary relief sought here.  Kazakhstan has not sought a stay of enforcement pending resolution of that motion.  And Rule 62(b) contemplates the proper procedure for obtaining a stay—a motion in the issuing court and, ordinarily, a supersedeas bond.  ***That Kazakhstan is challenging the underlying judgment does not mean that it is likely to succeed in that endeavor.  The existence of that challenge is not a basis for the Court to hamper petitioners' legitimate judgment-enforcement efforts***.

*Id.* at *8 (citing *In re Nassau Cty. Strip Search Cases*, 783 F.3d 414, 417-18 (2d Cir. 2015) (per curiam)) (emphasis added).

The same is true here.  PDVSA's filing of a motion to vacate the judgment does not absolve PDVSA, PDVH, Citgo Holding, and Citgo of their obligation to comply with Girard Street's "judgment-enforcement efforts," including post-judgment discovery requests.  *Id.*; *cf. Lisogor*, 189 A.D.3d at 1389 ("Contrary to the defendants' contention, the fact that they are seeking to rescind the judgment by confession in a separate action against the plaintiffs, without more, does not

---

[5] Similarly, the mere fact that a dispositive motion has been filed does not justify a party's refusal to comply with discovery.  *See, e.g.*, *Mirra v. Jordan*, No. 15-CV-4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) ("The pendency of a dispositive motion is not, in itself, an automatic ground for a stay.'" (quoting *Morien v. Munich Reinsurance Am. Inc.*, 270 F.R.D. 65, 66-67 (D. Conn. 2010))).

6

preclude enforcement of the judgment in favor of the plaintiffs and against the defendants." (citation omitted)).

### B. Girard Street Seeks Documents and Information Relevant to Enforcement.

The Discovery Requests seek documents and information that are unquestionably relevant to the enforcement of Girard Street's judgment against PDVSA and are therefore discoverable under Rule 69. For example, Girard Street seeks documents and information relating to assets and other property in which PDVSA has an interest, including any transfers, sales, contributions, payments, and/or pledges of such assets or property between or among PDVSA's direct and indirect subsidiaries. *See, e.g.*, Baratz Decl., Ex. B at RFP Nos. 2-3, 7-9, 16, 29-32; *id.*, Ex. C at Information Request Nos. 2-3, 7-9, 15, 22-25; *id.*, Ex. I at RFP Nos. 2-3, 7-8, 14, 25-28; *id.* at Information Request Nos. 2-3, 7-8, 13, 19-22. This information is clearly related to a judgment creditor's efforts to trace a judgment debtor's assets, as multiple courts have found. *See, e.g., Citibank, N.A.*, 2024 WL 1555231, at *3 (granting motion to compel regarding "information relevant to the existence or transfer of the judgment debtor's assets, as well as the location and source of those assets"); *Weng v. Kung Fu Little Steamed Buns Ramen, Inc.*, No. 17-CV-273 (LAP), 2023 WL 5835030, at *1 (S.D.N.Y. Sept. 7, 2023) (denying motion to quash post-judgment subpoena seeking "documents and communications concerning payments . . . including, but not limited to, 'any wire transfers, direct deposits, or other transfers of money and the information of the payments'") (citation omitted); *Plaza Motors of Brooklyn, Inc. v. Rivera*, No. 19-CV-6336 (LDH), 2021 WL 4356011, at *3 (E.D.N.Y. Sept. 24, 2021) (enforcing subpoena seeking "documents and information regarding, among other things, defendant's income, bank accounts, real estate and other assets").

Girard Street bears the "burden of proof in a turnover proceeding," and is therefore "entitled to broad discovery"—including the information requested here—"to assist in prosecuting

7

the claims, particularly since the evidence is largely within the possession of the judgment debtors." *Petrocelli v. Petrocelli Elec. Co.*, 995 N.Y.S.2d 552, 553 (1st Dep't 2014); *see Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship v. Qin*, No. 21 CIV. 9221 (KPF), 2024 WL 262741, at *2 (S.D.N.Y. Jan. 24, 2024) (denying reconsideration of order granting motion to compel third-party response to subpoena seeking, *inter alia*, "banking records," which "could reveal as-yet-undisclosed transfers of money," finding the subpoena was properly "directed at uncovering information surrounding the existence, transfer, location, or source of [the judgment debtor's] assets").

The Discovery Requests also seek information and documents relating to PDVSA's exercise of control over PDVH, Citgo Holding, and/or Citgo, which evidence is relevant to an alter ego claim. *See, e.g.*, Baratz Decl., Ex. B at RFP Nos. 35, 38, 45-48, 50; *id.*, Ex. C at Information Request Nos. 30, 36-38, 42; *id.*, Ex. I at RFP Nos. 31, 33, 40-41, 43; *id.* at Information Request Nos. 26, 33-35, 39. This information is highly material to Girard Street's effort to pierce the veil in order to collect its judgment, and is therefore an appropriate object of discovery under Rule 69. *See, e.g.*, *First City*, 281 F.3d at 54 (permitting post-judgment discovery "regarding a possible alter ego of [the judgment debtor] that may have assets sufficient to satisfy [the judgment creditor's] judgment"); *Aurelius Cap. Master, Ltd. v. Republic of Argentina*, 589 F. App'x 16, 18 (2d Cir. 2014) (finding no abuse of discretion in allowing discovery that "concerns entities legally distinct from Argentina" because an entity "may nevertheless hold attachable assets on behalf of Argentina" or "may possess information about Argentina's assets, even if it does not own or hold those assets itself"); *cf. Alkali Sci. LLC v. Ax Cap., Inc.*, No. 22-CV-6469 (MKB) (TAM), 2024 WL 3742717, at *2 (E.D.N.Y. Aug. 9, 2024) (granting motion to compel response to information subpoena by "'a manager and/or owner' of Defendant," whom the plaintiff believed to have

8

relevant information).

PDVSA, PDVH, Citgo Holding, and Citgo raise no issues of relevance, privilege, confidentiality, burden, proportionality, or any other defense that could conceivably justify their objections to the Discovery Requests. Their unilateral refusal to respond is neither an "adequate excuse to obey the subpoena," Fed. R. Civ. P. 45(g), nor sufficient to meet their "burden of showing why discovery should be denied," *Gujarat*, 2022 WL 1567464, at *2 (quoting *Fin. Guar. Ins. Co.*, 314 F.R.D. at 87) (quotation marks omitted). Accordingly, the Court should order PDVSA, PDVH, Citgo Holding, and Citgo to comply with the Discovery Requests.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that the Court should grant Plaintiff's Motion to Compel Compliance with Post-Judgment Discovery Requests.

Dated:	August 30, 2024	Respectfully submitted,

By:  /s/ *Evan Glassman*
Evan Glassman
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
E-mail: eglassman@steptoe.com

Michael J. Baratz (*pro hac vice*)
Emma Marshak (*pro hac vice*)
STEPTOE LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel: (202) 429-6468
Fax: (202) 429-3902
E-mail: mbaratz@steptoe.com
Email: emarshak@steptoe.com

*Counsel for Plaintiff*
*Girard Street Investment Holdings LLC*

9