```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
GIRARD STREET INVESTMENT                  :
HOLDINGS LLC,                             :
                                          :
         Plaintiff,                       :
                                          :     23-cv-10772 (JSR)
         -v-                              :
                                          :
PETRÓLEOS DE VENEZUELA, S.A.              :
et al.,                                   :
                                          :
         Defendants.                      :
------------------------------------------x
GIRARD STREET INVESTMENT                  :
HOLDINGS LLC,                             :
                                          :
         Plaintiff,                       :
                                          :     24-cv-04448 (JSR)
         -v-                              :
                                          :
PDV Holding, Inc.                         :
                                          :
         Defendant.                       :
------------------------------------------x
```

## MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

Before this Court is the motion to intervene of Red Tree Investments, LLC, one of many creditors of defendant Petróleos de Venezuela, S.A. et al. ("PDVSA"), in the action brought by another one of those creditors, Girard Street Investment Holding, Inc. ("Giarard Street"), against PDVSA and against its wholly owned U.S. subsidiary, PDV Holding, Inc. ("PDVH"), See ECF No.16. Gerard Street opposes the motion. See ECF No. 31.

1

**FACTS**

The pertinent facts are as follows. Red Tree, unlike Girard Street, is one of the dozens of PDVSA's creditors participating in parallel proceedings in the District of Delaware that will culminate in the judicial sale of PDVSA's shares in its wholly owned subsidiary, PDVH. See <u>Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela</u>, No. 17-mc-15 (D. De.). Also unlike Girard Street, Red Tree already holds two enforceable judgments against PDVSA of over $280 million, based on which it attached PDVSA's shares in PDVH in the <u>Crystallex</u> actions. Red Tree's Brief in Support of Its Motion to Intervene (ECF No. 17) ("Br.") at 2. Red Tree seeks to intervene in this action "to protect its rights in Delaware and to prevent dilution of the PDVH shares' values." Br. at 1.

**DISCUSSION**

A party may intervene as of right under Federal Rule of Civil Procedure Rule 24(a)(2) if it: "(1) files a timely motion; (2) asserts an interest relating to the property or transaction that is the subject of the action; (3) is so situated that without intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect its interests; and (4) has an interest not adequately represented by the other parties." <u>United States v. Pitney Bowes, Inc.</u>, 25 F.3d 66, 70 (2d Cir. 1994). "Failure to satisfy <u>any one</u> of these [four] requirements is a sufficient ground to deny the application." <u>R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.</u>, 467

F.3d 238, 241 (2d Cir. 2006) (emphasis and alteration in original) (internal quotation marks omitted).

A court may also permit a party to intervene, "[o]n timely motion," if that party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). When considering an application for permissive intervention, "[t]he court considers substantially the same factors" as when it considers intervention as of right under Rule 24(a)(2). R Best Produce, Inc., 467 F.3d at 240.

I.   Intervention as of Right

Red Tree's intervention motion was timely because it was filed within a few weeks of Girard Street's commencing this action.

Red Tree also has a protectable interest. For an interest to be cognizable under Rule 24(a)(2), it must concern the "property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). Such interest must be "direct, substantial, and legally protectable." United States v. Peoples Benefit Life Ins. Co., 271 F.3d 411, 415 (2d Cir.2001) (citation omitted). Red Tree's two judgments against PDVSA of more than $280 million are substantial and legally protectable. The interest is also direct because Red Tree's judgment against PDVSA, and a lien on PDVH's shares based thereon, is not "contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." Peoples Benefit, 271 F.3d at 97 (citation omitted). See also Washington Elec. Co-op., Inc.

v. Massachusetts Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990) (finding that an intervenor's interest was not cognizable where plaintiffs did not have an enforceable judgment and where the intervention would "radically alter [the] scope" of the action). Plaintiff's reliance in opposition on the Second Circuit's decision in Crown Financial Corp v. Winthrop is inapposite because unlike in this case, the motion for intervention there was filed "more than four years after the action in the [district court] had been terminated by judgment." 531 F.2d 76, 77 (2d Cir. 1976). Finally, Red Tree's interest in this case is not adequately represented by the other parties. The burden to demonstrate inadequacy of representation is "minimal," Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972). To that end, Red Tree and the existing parties do not have the same ultimate objectives. Girard Street is a competing creditor who will prioritize its own recovery, and PDVSA and PDVH, as the debtors, also have no reason to protect Red Tree's recovery.

Nonetheless, Red Tree's motion for intervention as of right fails, because its interest will not be impaired absent intervention. Red Tree alleges that PDVSA's turnover of its assets would render "Red Tree's attachment on the PDVH shares worthless." Br. at 8. Not so. In the District of Delaware case, Red Tree has already secured the sixth place in the line of creditors that will receive proceeds from the scheduled judicial sale of PDVH — a process with which the proceedings in front of this Court will not interfere, see Crystallex ECF No. 1102 (Final Priority Order). Further, there is no evidence that the instant

action, even if it were to result in a judgment against PDVSA, would impair Red Tree's ability to recover on its outstanding judgment of $280 million since already existing offers for purchase of PDVH in connection with the Delaware litigation start at $7.3 billion and Red Tree's priority position is behind only about $3.3 billion in claims. Baratz Decl. (ECF No. 32) ¶ 6 and Exs. D, E, F; see also Crystallex ECF Nos. 1102, 1136, 1140-1 (Revised Public Final Determination of Attached Judgments).[1]

To the extent Red Tree's intervention rests on a purported general interest in preventing the disruption of the Crystallex sale proceeding, Br. at 8, this interest is not cognizable under Rule 24(a)(2).[2]

II. Permissive Intervention

In the alternative, Red Tree argues that it should be permitted to intervene at the Court's discretion, Fed. R. Civ. P. 24(b)(2). Red Tree puts forth the argument that its intervention would contribute to the development of "facts and legal issues" because it is the "only party that would have an interest in preventing this case from disrupting the PDVH share sale." Br. at 4. But as already indicated, there is no likelihood of such disruption because this litigation

---

[1] Cf. Republic of the Philippines v. Abaya, 312 F.R.D. 119, 124 (S.D.N.Y. 2015) (granting intervention as of right where a decision in favor of plaintiff would potentially deprive the intervenor of the ability to satisfy a portion of their judgment).
[2] And, in any event, that interest is sufficiently protected by the Special Master in that action. See ECF No. 41 (Letter to the Court on behalf of the Special Master in the Crystallex action).

predominantly concerns PDVSA's liability to Girard Street under certain promissory notes and whether the liability can be imputed to PDVSA's subsidiary, PDVH. Red Tree's judgment against defendants arising from a completely different set of circumstances has nothing to do with these questions. Further still, "[t]he principal guide in deciding whether to grant permissive intervention is 'whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" Pitney Bowes, 25 F.3d at 73 (quoting Fed. R. Civ. P. 24(b)(3)). Granting permissive intervention to Red Tree would unduly delay the present action, and for no obvious benefit.

For the foregoing reasons, Red Tree's motion to intervene is hereby denied.

SO ORDERED.

Dated: New York, NY
October 23, 2024

_____
JED S. RAKOFF, U.S.D.J.