```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------x
GIRARD STREET INVESTMENT                  :
HOLDINGS LLC,                             :
                                          :
        Plaintiff,                        :
                                          :        23-cv-10772 (JSR)
        -v-                               :
                                          :
PETRÓLEOS DE VENEZUELA, S.A.              :
et al.,                                   :
                                          :
        Defendants.                       :
-----------------------------------------x
GIRARD STREET INVESTMENT                  :
HOLDINGS LLC,                             :
                                          :
        Plaintiff,                        :
                                          :
                                          :        24-cv-04448 (JSR)
        -v-                               :
                                          :
PDV Holding, Inc.                         :
                                          :
                                          :
        Defendant.                        :
-----------------------------------------x
```

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

In front of this Court is the motion of non-parties CITGO Holding, Inc. ("CITGO Holding"), CITGO Petroleum Corporation ("CITGO"), PDV USA, Inc. ("PDV USA"), and PDV Chalmette, L.L.C. ("PDV Chalmette") (the "non-party respondents") to quash Rule 45 subpoenas served by plaintiff Girard Street Investment Holdings LLC ("Girard Street") on each respective non-party respondent. Girard Street opposes the motion.

Motions to quash a subpoena are "entrusted to the sound discretion of the district court." In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir.

1

2003) (citation omitted). Federal Rule of Civil Procedure 45 permits a party to command a non-party to produce documents and provide deposition testimony. See Fed. R. Civ. P. 45(a). The issuing party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Thus, "[t]he party seeking discovery [from a non-party under Rule 45] bears the initial burden of proving that the information and testimony sought in the subpoena are relevant and proportional to the needs of the case[.]" Cohen v. Grp. Health Inc., 2022 WL 4534552, at *2 (S.D.N.Y. Sept. 28, 2022) (alteration added). "A subpoena that pursues material with little apparent or likely relevance to the subject matter ... is likely to be quashed as unreasonable even where the burden of compliance would not be onerous." Kirschner v. Klemons, 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005) (citation and internal quotation marks omitted).

Here, the subpoenas issued to the non-party respondents are not only patently overbroad, but also have little apparent relevance to the case in front of this Court, which squarely focuses on the liability of defendant Petróleos de Venezuela, S.A. et al. ("PDVSA") under certain promissory notes acquired by plaintiff and the liability of co-defendant PDV Holding, Inc. ("PDVH"), PDVSA's wholly owned subsidiary, as PDVSA's alleged alter ego. To the extent Girard Street seeks discovery regarding the alleged alter ego relationship between PDVSA and PDVH, those documents should be readily obtainable in discovery from PDVSA or PDVH. Further, information regarding the

financial condition of the non-party respondents, which are subsidiaries of PDVH, are premature in the absence of an enforceable judgment against PDVSA or PDVH.

Accordingly, the Court hereby grants non-party respondents' motion to quash.

SO ORDERED.

Dated: New York, NY
November 20, 2024

_____
JED S. RAKOFF, U.S.D.J.

3