UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

GIRARD STREET INVESTMENT
HOLDINGS LLC,

                Plaintiff,

v.

PDV HOLDING, INC.,

                Defendant.

----------------------------------------------------------x

Case No. 1:24-cv-4448-JSR

(Consolidated for pretrial purposes with
Case No. 1:23-cv-10772-JSR and
Case No. 1:23-cv-10766-JSR)

## DEFENDANT PDV HOLDING, INC.'S
## RESPONSE TO NONPARTY HUNTINGTON INGALLS INCORPORATED'S
## MOTION TO INTERVENE

The present motion to intervene only serves to highlight why this case should be dismissed as a matter of law.

Huntington Ingalls Incorporated ("HII") is one of many judgment creditors of PDVSA and Venezuela who hold attachments on PDVH stock, all of whom are participating in the court-ordered sale of that stock presided over by Judge Leonard Stark in the District of Delaware. HII moves to intervene in this action (the alter ego action against PDVH, No. 4448) for the stated purpose of moving to transfer the case to Delaware. HII contends that the interests of the creditors in the Delaware proceedings would be significantly impaired if PDVH's separate corporate existence were disregarded. *See*, *e.g.*, Dkt. 72 at 5–7. Among other things, HII notes that the preliminarily selected winning bidder reduced and ultimately withdrew its bid because of conditionality related to the alter ego claims asserted by Plaintiff and its affiliates and that the special master charged with administering the sale has asserted that if Girard Street were to prevail here, PDVH's shares would become "worthless." *Id*. at 7 n.7, 11 (citing *Crystallex Int'l Corp. v. Bolivarian*

*Republic of Venezuela*, No. 1:17-mc-151 (D. Del), Dkt. 1415 at 3).

The stock sale before Judge Stark is premised on PDVH's separate corporate existence, which the creditors have all relied on for years. Where, as here and as noted by HHI, the interests of third parties would be impaired if PDVH's separate corporate existence were to be disregarded, reverse veil-piercing is not available under Delaware law. Indeed, the protection of such third-party interests was the overriding concern of the Delaware Chancery Court when it first permitted reverse veil-piercing: "Only in cases alleging egregious facts, *coupled with the lack of real and substantial prejudice to third parties*, should the court *even consider* utilizing the reverse veil-piercing doctrine." *Manichaean Cap., LLC v. Exela Techs., Inc.*, 251 A.3d 694, 714 (Del. Ch. 2021) (emphasis added). Consequently, there is no need to allow intervention or entertain a future transfer motion. Rather, the Court should dismiss the alter ego claims against PDVH and end the case now.[1]

\* \* \*

Two additional points. First, though HII suggests that the case should be transferred to Delaware so that it may be integrated in some unspecified way with *ConocoPhillips Petrozuata B.V. v. Girard Street Investment Holdings LLC, et al.*, No. 1:24-cv-01140 (D. Del.), HII is not a party to that case either and fails to identify how it would participate there. A person who intervenes only for the purpose of transferring, but who is not a party either to the transferor or the transferee proceeding and cannot identify the "claim or defense for which intervention is sought," Fed. Rule Civ. P. 24(c)), is not a proper intervenor.[2]

---

[1] *See also* PDVH's Memorandum of Law in Support of its Motion to Dismiss the CAC (Dkt. 51) at 18, 21–22; and Reply (Dkt. 61) at 8–9.

[2] *See, e.g.*, *Ironshore Indem. Inc. v. Kay*, No. 2:21-cv-01706-JAD-BNW, 2022 WL 293230, *6 (D. Nev. Feb. 1, 2022) (denying intervention for the "sole purpose" of transferring to Delaware bankruptcy action where proposed intervenor's "interest is not so obvious" because it did not "indicate how it would wish to participate in [the] case if [the court] were to grant its intervention

2

Second, on December 11, 2024, the *Crystallex* court denied the special master's motion to enjoin this and related alter ego actions for reasons set forth in a still forthcoming memorandum opinion. *Crystallex*, Dkt. 1493 at 1. Though the *Crystallex* court previously recognized that the sale process may be "negatively impacted" by the alter ego actions, it nevertheless stated that the alter ego claims "can be litigated in the courts in which they are pending (possibly more expeditiously than they can be here), and may be dismissed or otherwise found to lack merit by those courts." *Id*., Dkt. 1433 at 6. As a practical matter, this removes the predicate for transfer and moots HII's basis for intervention.

At the parties' pre-motion conference on December 9, 2024, PDVH's counsel understood that HII would move to intervene and transfer at the same time, but HII's motion seeks only intervention and requests briefing on transfer. Dkt. 72 at 13. For the reasons set forth above, the motion to intervene should be denied. PDVH reserves all rights with respect to any future motion to transfer, including the right to respond at the appropriate time.

| | |
|---|---|
| Dated: December 17, 2024 | Respectfully submitted,<br><br>By: /s/ Nathan P. Eimer<br>Nathan P. Eimer (#1976067)<br>neimer@eimerstahl.com<br>Scott C. Solberg (*pro hac vice*)<br>ssolberg@eimerstahl.com<br>James W. Joseph (*pro hac vice*)<br>jjoseph@eimerstahl.com<br>Daniel D. Birk (*pro hac vice*)<br>dbirk@eimerstahl.com<br>EIMER STAHL LLP<br>224 South Michigan Avenue, Suite 1100<br>Chicago, IL 60604<br>Telephone: (312) 660-7600<br><br>*Counsel for Defendant PDV Holding, Inc.* |

---

motion but deny its transfer motion"; also noting that a transfer motion is not a Rule 7(a) "pleading" setting forth a "claim or defense").