UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GIRARD STREET INVESTMENT HOLDINGS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>PDV HOLDING, INC.,<br><br>    Defendant. | Case No. 24-cv-04448-JSR<br><br>(Consolidated for pretrial purposes with Case No. 1:23-cv-10772-JSR and No. 1:23-cv-10766-JSR) |

**<u>PLAINTIFF GIRARD STREET INVESTMENT HOLDINGS LLC'S BRIEF IN OPPOSITION TO HUNTINGTON INGALLS INCORPORATED'S MOTION TO INTERVENE</u>**

Evan Glassman
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
E-mail: eglassman@steptoe.com

Michael J. Baratz (*pro hac vice*)
Emma Marshak (*pro hac vice*)
STEPTOE LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel: (202) 429-6468
Fax: (202) 429-3902
E-mail: mbaratz@steptoe.com
Email: emarshak@steptoe.com

*Counsel for Plaintiff*
*Girard Street Investment Holdings LLC*

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1
STATEMENT OF FACTS .............................................................................................................. 3
ARGUMENT ................................................................................................................................... 8
   I.  HII Is Not Entitled to Intervene as of Right. ....................................................................... 8
      A.  HII Has No Cognizable Interest in the Action. ............................................................ 8
      B.  HII's Purported Interest Is Not Impaired. .................................................................... 9
      C.  HII's Interests Are Adequately Protected. ................................................................. 11
   II.  HII May Not Permissively Intervene. .............................................................................. 12
CONCLUSION .............................................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Attix v. Carrington Mortg. Servs., LLC*,
   No. 1:20-CV-22183-UU, 2020 WL 9849821 (S.D. Fla. Oct. 13, 2020) .................................14

*Butler, Fitzgerald & Potter v. Sequa Corp.*,
   250 F.3d 171 (2d Cir. 2001).........................................................................................................11

*ConocoPhillips Petrozuata B.V. et al. v. Petróleos de Venezuela S.A. et al.*,
   No. 16-cv-904 (D. Del.) ..............................................................................................................7

*ConocoPhillips Petrozuata B.V. et al. v. Petróleos de Venezuela S.A. et al.*,
   No. 17-cv-28 (D. Del.) ................................................................................................................7

*ConocoPhillips Petrozuata B.V. v. Girard Street Investment Holdings LLC et al.*,
   No. 1:24-cv-01140 (D. Del.)................................................................................................6, 12

*Crystallex Int'l Corp. v. Bolivarian Repub. of Venezuela*,
   No. 17-mc-151-LPS (D. Del.), Dkt. 1433........................................................................ *passim*

*Doe v. State Univ. of New York Purchase Coll.*,
   617 F. Supp. 3d 195 (S.D.N.Y. 2022).......................................................................................3

*Echard v. Wells Fargo Bank N.A.*,
   No. 2:21-CV-5080, 2022 WL 1210321 (S.D. Ohio Apr. 25, 2022) .......................................13

*Glover v. Ferrero USA, Inc.*,
   No. 11-cv-1086 (FLW), 2011 WL 5007805 (D.N.J. Oct. 20, 2011) ......................................13

*Homeward Residential, Inc. v. Sand Canyon Corp.*,
   No. 12 CIV. 5067 (JFK), 2018 WL 840081 (S.D.N.Y. Feb. 12, 2018)..............................8, 11

*Mastercard Int'l Inc. v. Visa Int'l Serv. Ass'n*,
   471 F.3d 377 (2d Cir. 2006).......................................................................................................10

*OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela et al.*,
   No. 19-cv-290 (D. Del.) ..............................................................................................................7

*Olin Corp. v. Lamorak Ins. Co.*,
   325 F.R.D. 85 (S.D.N.Y. 2018) ...............................................................................................12

*Rizzo v. Moseley*,
   913 N.Y.S.2d 905 (Sup. Ct. Westchester Cnty. 2010)............................................................12

*Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela et al.*,
   No. 18-cv-1458 (S.D. Tex.) ..................................................................................................7

*State Comm. of Independence v. Berman*,
   2003 WL 22801908 (S.D.N.Y. Nov. 21, 2003) ......................................................................12

*United States v. City of New York*,
   198 F.3d 360 (2d Cir. 1999) ....................................................................................................8

*United States v. Peoples Benefit Life Ins. Co.*,
   271 F.3d 411 (2d Cir. 2001) ....................................................................................................8

*United States v. Pitney Bowes*,
   25 F.3d 66 (2d Cir. 1994) ................................................................................................8, 12

*Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*,
   922 F.2d 92 (2d Cir. 1990) ...................................................................................................11

*Webb v. Dr Pepper Snapple Grp., Inc.*,
   No. 4:17-00624-CV-RK, 2018 WL 1990509 (W.D. Mo. Apr. 26, 2018) ..............................13

**Statutes**

N.Y. U.C.C. § 8-112(a) ..............................................................................................................13

**Other Authorities**

Fed. R. Civ. P. 24(b)(1)(B) .........................................................................................................12

N.Y. C.P.L.R. §§ 5225, 5239 ......................................................................................................12

Rule 24(a)(2) ............................................................................................................................8, 9

**INTRODUCTION**

Huntington Ingalls Incorporated ("HII") concedes that the sole purpose of its Motion to Intervene ("Motion") is not to enforce before this Court a right it may have in connection with this litigation, but rather to seek to transfer this entire litigation to a different court HII claims is "best placed" to resolve it. But HII's preferred judge—Judge Stark, now sitting by designation in the U.S. District Court for the District of Delaware—has already denied a request to enjoin this proceeding (which would be the practical effect of a transfer motion), and indeed has said that this Court may be better positioned to expeditiously address the dispute. *See Crystallex Int'l Corp. v. Bolivarian Repub. of Venezuela*, No. 17-mc-151-LPS (D. Del.) ("*Crystallex*"), Dkt. 1433 at 5-6. HII's last-ditch effort to throw this proceeding off track by seeking to impose its preferred judge and forum should be denied.

The Motion to Intervene does not meet the standards for mandatory or permissive intervention under Fed. R. Civ. P. 24(a) and (b). HII asserts that its junior attachment of the shares of PDV Holding, Inc. ("PDVH") in connection with the judicial sale of those shares to satisfy claims against the Republic of Venezuela and its alter ego Petróleos de Venezuela S.A. ("PDVSA") constitutes a protectable interest that would be impaired by this action. But the Court has already rejected a nearly identical attempt at intervention by another creditor with an attachment lien against PDVSA's shares in PDVH, Red Tree Investments, LLC, because it found Red Tree's alleged interest would not be impaired by this action. *See* Order, Dkt. 58. Contrary to HII's assertions, subsequent events have only confirmed the Court's previous ruling was correct. Thus, for the same reason, HII's Motion should also be denied.

First, nothing in this action will prevent or interfere with the judicial sale in *Crystallex*. *See* Dkt. 58 at 4. As an order issued by the *Crystallex* court on December 11, 2024 denying the Special Master's motion to enjoin this litigation confirms, the sale will proceed notwithstanding this action

1

(or multiple other suits that seek similar relief against PDVH). *See Crystallex*, Dkt. 1493 at 13.

Second, the judicial sale in Delaware is of PDVSA's **shares** in PDVH. A stock purchaser assumes all liabilities, known or unknown. Because PDVH is the alter ego of PDVSA, the liability is included in the value of the stock regardless of the existence of this action. The bidders in Delaware are sophisticated and know the potential liabilities associated with PDVH, including the liability associated with this action; a ruling in Girard Street's favor would only impact the value of the PDVH Shares to the extent the market is discounting the probability of that result. As the *Crystallex* court has observed, however, its objective in conducting a judicial sale is not to increase the value of the PDVH Shares, but rather to achieve a sale reflecting their actual value. Nothing in this proceeding will interfere with HII's ability to collect its share of the proceeds from that sale according to the procedures established by the *Crystallex* court.

Third, HII, itself a judgment-creditor of PDVSA, does not seek to assert a claim against PDVH (to protect its judgment) in this or any other proceeding, and therefore lacks a protectable interest. Instead, HII seeks only to consolidate Girard Street's claim with a legally deficient declaratory judgment action recently filed in Delaware which is currently subject to partially briefed motions to dismiss (including on the grounds that the Delaware court lacks personal jurisdiction over Girard Street) and should progress no further. The desire of a non-party to delay and disrupt a proceeding by imposing its preferred forum does not constitute a cognizable interest permitting intervention.

For essentially the same reasons, HII fails to establish a basis for permissive intervention: this litigation does not raise questions of fact or law common to claims or defenses that HII would raise if permitted to intervene. HII attempts to sidestep this requirement entirely and instead justify its intervention on grounds that it will intervene for the limited purpose of moving to transfer this

action to the District of Delaware. Even if such a transfer were justified—which it is not—that would not suffice. To the contrary, courts have repeatedly rejected parties' efforts to intervene in an action solely for the purpose of transferring it. Accordingly, the Motion should be denied.

## **STATEMENT OF FACTS**

Girard Street, HII, and many others are competing creditors of Venezuela and/or Venezuela's alter ego, PDVSA. HII secured an attachment lien against PDVSA's shares in PDVH and joined the ongoing *Crystallex* proceedings in the District of Delaware. Opening Brief in Support of Motion to Intervene ("Brief") at 6,[1] Dkt. 72. HII holds the fourth-priority position—shared with one other creditor—in the *Crystallex* priority waterfall, behind approximately $2.5 billion in other claims. *Crystallex*, Dkt. 1102 at 7 (Final Priority Order);[2] *id.* Dkts. 1136, 1140-1 at 4 (Revised Public Final Determination of Attached Judgments).[3] HII's judgment is for approximately $138 million plus interest. Br. at 6; *Crystallex*, Dkt. 1140-1 at 4. The market value of the PDVH shares, and thus the anticipated value of the sale, is between $7.3 billion and $9 billion. *See* Dkt. 32 ¶ 6; Dkt. 32-4, 32-5, 32-6. HII is therefore likely to be fully satisfied from the proceeds of the sale, which the *Crystallex* court recently indicated it is inclined to schedule for the second quarter of 2025. *See Crystallex*, Dkt. 1493 at 13.

PDVSA owes Girard Street approximately $360 million on a defaulted promissory note. Consol. Am. Compl., Dkt. 47 at ¶¶ 1-2, 36-49. Girard Street obtained a default judgment against

---

[1] Page numbers cited herein refer to the blue page numbers in the ECF header.

[2] The Court may take judicial notice of "document[s] filed in another court. . . to establish the fact of such litigation and related filings." *Doe v. State Univ. of New York Purchase Coll.*, 617 F. Supp. 3d 195, 201 n.3 (S.D.N.Y. 2022) (citing *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (quotation marks omitted)).

[3] The other creditor in the fourth-priority position—OI European Group B.V.—has a judgment valued at approximately $584 million plus interest. *See Crystallex*, Dkt. 1102 at 7 (Final Priority Order); *id.* Dkts. 1136, 1140-1 at 4 (Revised Public Final Determination of Attached Judgments).

3

PDVSA in this Court, and subsequently filed a separate action to enforce that judgment against PDVH, the alter ego of PDVSA, and for turnover of PDVH's shares in its subsidiary Citgo Holding. The Court subsequently vacated the default judgment, and the two actions were consolidated. *See id.* ¶¶ 56-69. Thus, in the Consolidated Amended Complaint, Girard Street (i) asserts claims against PDVSA and its affiliate PDVSA Petróleo S.A. for breach of the promissory note; and (ii) seeks to enforce its claims against PDVH as the alter ego of PDVSA. That outcome would only indirectly affect the interests of HII (and other creditors of PDVSA) to the extent that the outcome of this action (and others like it) is not already factored by the market into the value of PDVH—and thus, even more remotely, the projected proceeds of the sale of PDVSA's interest in the PDVH shares.

On September 9, 2024, the Special Master overseeing the sale of PDVSA's shares in PDVH filed a motion in *Crystallex* to enjoin this action, as well as two similar actions filed by affiliates of Girard Street that also seek to reverse-pierce the corporate veil of PDVH, on grounds that they would diminish the value of the shares of PDVH in the *Crystallex* sale. *Crystallex*, Dkt. 1249. On November 20, 2024, the *Crystallex* court issued an order alerting the parties to its "inclinations" on certain matters before it, including the injunction motion, and explained that it was inclined to deny the injunction motion because it "appear[ed] to be unnecessary and unwarranted" for numerous reasons, including because:

> (i) bidder Amber Energy LLC ("Amber Energy") had "proposed an Alternative Transaction Term Sheet . . . which would not include an escrow for the Alter Ego Claims, which may be an indication that even Amber Energy is prepared to modify its bid rather than withdraw it, in the absence of the requested injunction";
>
> (ii) "in any event, other bidders have been, and may still be, willing to purchase the PDVH Shares even without an injunction of the Alter Ego Claims" (citing an offer by Gold Reserve that lacked conditions with respect to the alter ego claims);
>
> (iii) the alter ego claims "can be litigated in the courts in which they are pending (possibly more expeditiously than they can be here)";

4

> (iv) "claims materially identical to the Alter Ego Claims were filed and have been pending throughout the Sale Process and were disclosed to potential bidders"; and
>
> (v) "fundamentally, while the Alter Ego Claims may impact the value of the PDVH Shares which this Court has attached and is attempting to sell, the Court's obligation is to market those shares in a manner designed to maximize their true value, recognizing that the true value may turn out to be negatively impacted by the Alter Ego Claims, but that reality (if it proves true) does not necessarily empower the Court to enjoin or impede those claims."

*Crystallex*, Dkt. 1433 at 5-6. On December 11, 2024, consistent with those inclinations, the *Crystallex* court denied the Special Master's injunction motion, stating that it would issue a memorandum opinion setting out the reasons for the denial in due course. *Crystallex*, Dkt. 1493 at 5. The court stated in its December 11 order that it is inclined to schedule a sale hearing "some time in the second quarter of 2025," and that it is "not inclined to wait for developments in other litigations or other processes, in the U.S. or elsewhere, that are external to the cases pending in this District" because "'there is no need to wait for other courts' resolution of the alter ego claims before selling the PDVH shares.'" *Id.* at 13.

The impetus for the Special Master's injunction motion was the provision of a proposed Share Purchase Agreement negotiated with Amber Energy which provided that issuance of the injunction would be a condition for closing the judicial sale. While HII faults Girard Street for derailing the Amber Energy bid by defeating the injunction motion, the fact is that the Amber Energy bid failed to garner support for a host of reasons, including that it fundamentally failed to comply with Delaware law governing judicial sales. That bid, and an alternative bid structure, have since been withdrawn. And, as predicted by Judge Stark in his November 20, 2024 order, Amber Energy has confirmed that it will submit a new bid that will not be conditioned on this proceeding being enjoined, disproving any remaining contention that Girard Street's claim practically forecloses bids for the PDVH shares.

Another creditor of PDVSA that is participating in the *Crystallex* proceeding,

5

ConocoPhillips Petrozuata B.V., filed a declaratory judgment action in Delaware against Girard Street and other creditors of PDVSA on October 14, 2024, long after this proceeding began, seeking a declaratory judgment that "reverse corporate veil-piercing is not available as a remedy" to Girard Street and the other creditors. *ConocoPhillips Petrozuata B.V. v. Girard Street Investment Holdings LLC et al.*, No. 1:24-cv-01140 (D. Del.), Dkt. 1 at 16. ConocoPhillips requested in the alternative an order that "[i]f the elements for reverse veil-piercing are otherwise shown to justify imposing liability on PDVH for the debts of PDVSA and the Republic, the [assets of PDVH] are subject to attachment to satisfy the judgments of the Additional Judgment Creditors." *Id.* While it seeks a modified attachment, albeit based on a mere five paragraphs that contain no factual allegations supporting an alter ego claim, ConocoPhillips's complaint does ***not*** seek an order imposing primary liability on PDVH, which is the relief sought by Girard Street in this case. *See id.* The *ConocoPhillips* action is also pending before Judge Stark. On November 15, 2024, Girard Street and other similarly situated defendants filed a motion to dismiss the *ConocoPhillips* action for lack of subject matter jurisdiction, lack of standing, and lack of personal jurisdiction over Girard Street. *ConocoPhillips*, Dkt. 39, 42. PDVH also moved to dismiss the case. *ConocoPhillips*, Dkt. 41. ConocoPhillips was granted an extension of time to respond to the motions to dismiss, and briefing is not yet complete. HII is not a party to the *ConocoPhillips* proceeding.

HII's asserted basis for intervention here is that Girard Street is trying to alter priority against the PDVH shares. Br. at 8. But the *Crystallex* court has consistently made clear that while proceeds from the sale of the PDVH shares will be paid to creditors in accordance with the priority order established in that case, creditors who "fail to collect on their judgments as part of the ongoing [share] sale process . . . ***remain free to pursue other collection efforts***." *Crystallex*, Dkt.

6

963 at 7 n.6 (emphasis added); *see Crystallex*, Dkt. 481 at 25 ("For the avoidance of doubt, unless otherwise ordered by the Court, (i) the Additional Judgment Deadline ***does not impair or in any way limit any person's or entity's right to seek attachment to any proceeds*** following the consummation of the Sale Transaction. . . .") (emphasis added).  The *Crystallex* court has specifically considered and rejected HII's argument that Girard Street's claim constitutes an improper attack on the priority order. *Crystallex*, Dkt. 1433 at 5-6.  Nor is Girard Street alone in pursuing other means of collecting its judgment:  PDVSA, PDVH, and their subsidiaries are facing hundreds of active lawsuits, *see* Dkt. 32 ¶ 9 and Dkt. 32-7, including alter ego cases filed by creditors seeking to hold PDVH liable for billions of dollars of debts owed to them by Venezuela and/or its alter ego PDVSA[4] with respect to which HII has never sought to intervene.

HII does not seek to intervene in this action to obtain a judgment against PDVH or an attachment against Citgo Holding.  Nor does HII contend that it has a direct interest in PDVH's or Citgo Holdings' assets that is affected by the present litigation, only a competing claim against PDVSA and a lien on PDVSA's assets that is, at best, only indirectly affected by this litigation, as it would be by any adverse claim against PDVSA's direct and indirect subsidiaries by any of their hundreds of creditors.  HII moves to intervene only because it opposes the ***very existence*** of this case in this District and seeks to transfer it to the District of Delaware, apparently based on an unfounded assumption that Judge Stark will be less hospitable to Girard Street's claim notwithstanding Judge Stark's recent admonition that he has formed no view on whether PDVH is an alter ego of PDVSA.  HII's purported interests are not cognizable for purposes of intervention.

---

[4] *E.g.*, *ConocoPhillips Petrozuata B.V. et al. v. Petróleos de Venezuela S.A. et al.*, No. 16-cv-904 (D. Del.); *ConocoPhillips Petrozuata B.V. et al. v. Petróleos de Venezuela S.A. et al.*, No. 17-cv-28 (D. Del.); *Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela et al.*, No. 18-cv-1458 (S.D. Tex.); *OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela et al.*, No. 19-cv-290 (D. Del.).

Even if they were cognizable, the outcome of this case will not impair HII's claimed interests. Accordingly, the Court should deny HII's Motion.

## ARGUMENT

### I. HII Is Not Entitled to Intervene as of Right.

Under Rule 24(a)(2), a motion to intervene must be denied unless (1) it is timely; (2) the asserted interest "relat[es] to the property or transaction that is the subject of the action"; (3) the movant "is so situated that without the intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest"; and (4) the asserted interest is "not adequately represented by other parties." *United States v. Pitney Bowes*, 25 F.3d 66, 70 (2d Cir. 1994). A motion to intervene that fails to meet "***any one*** of these [four] requirements" must be denied. *Homeward Residential, Inc. v. Sand Canyon Corp.*, No. 12 CIV. 5067 (JFK), 2018 WL 840081, at *2 (S.D.N.Y. Feb. 12, 2018) (quoting *R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 241 (2d Cir. 2006)) (emphasis and alteration in original). HII has failed to meet its burden with respect to the second, third, and fourth requirements of Rule 24(a).

#### A. HII Has No Cognizable Interest in the Action.

"For an interest to be cognizable under Rule 24(a)(2), it must be direct, substantial, and legally protectable." *United States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411, 415 (2d Cir. 2001) (internal quotation marks omitted). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it comes colorable, will not satisfy" Rule 24(a)(2). *Id.*; *United States v. City of New York*, 198 F.3d 360, 365 (2d Cir. 1999) (quoting *N.Y. News, Inc. v. Kheel*, 972 F.2d 482, 486 (2d Cir. 1992)) ("[I]ntervention . . . cannot be used as a means to inject collateral issues into an existing action."). Girard Street maintains that because HII's purported interest is both remote from the subject matter of this case and contingent on the completion of a complicated sale, it has not met its burden under

Rule 24(a)(2). Girard Street expressly incorporates the arguments it set forth regarding the lack of a protectable interest in its opposition to similarly situated creditor Red Tree's motion to intervene. *See* Dkt. 31 at 9-10. If anything, HII's interest in intervening is more attenuated than Red Tree's because unlike Red Tree, which sought to intervene in order to substantively engage with the merits of the claim asserted against PDVH, HII merely seeks to have the case transferred to a different court.

### B. HII's Purported Interest Is Not Impaired.

Assuming *arguendo* that HII has a protectable interest, its motion to intervene should still be denied because HII's ability to protect its interests as a creditor of PDVSA will not be impaired. The Court's previous decision denying Red Tree's similar motion to intervene on grounds that Red Tree's interest would not be impaired is directly applicable here, and this Motion should be denied for the same reason. *See* Dkt. 58 at 4-5.

*First*, HII's judgment lien is against specific property—PDVSA's shares in PDVH. Girard Street seeks a turnover order against PDVH. As such, while the proceeding in *Crystallex* is an *in rem* proceeding against the PDVH Shares, this proceeding seeks an *in personam* judgment against PDVH itself. This Court and the *Crystallex* court, respectively, will each be able to afford Girard Street and HII relief, irrespective of the other proceeding. Nothing here threatens HII's judgment lien against the PDVH Shares, its priority in the *Crystallex* sale, or its ability to recover on its judgment against PDVSA in accordance with the priority order established by the Delaware court. Indeed, given its priority, HII is practically assured of a recovery in the Delaware sale. This is even more true for HII (which is fourth in line, with approximately $2.5 billion in claims ahead of it) than it was for Red Tree (which was sixth in line, with approximately $3.3 billion in claims ahead of it). *See* Dkt. 58 at 4-5. Tellingly, HII's Motion entirely ignores its favorable position in the priority scheme.

9

*Second*, HII speculates that this case may negatively impact the *Crystallex* sale. Regardless of this action, however, the *Crystallex* sale will proceed. *E.g.*, *Crystallex*, Dkt. 1180 at 13 (noting the *Crystallex* court is "compelled" to "proceed with implementing the Sale Procedures Order"); *Crystallex*, Dkt. 1493 at 13 ("'[T]here is no need to wait for other courts' resolution of the alter ego claims before selling the PDVH shares.'"). To the extent potential bidders account for the existence of this case in valuing PDVH's shares, such potential discount is already priced in, and any resulting diminution in value is not something HII has the ability to prevent ***only if*** it is allowed to intervene. *See Mastercard Int'l Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 390 (2d Cir. 2006) (denying intervention where intervenor is not "so situated that ***without intervention***, disposition of the action may, as a practical matter, impair or impede [its] ability to protect its interest[.]'") (quoting *Pitney Bowes*, 25 F.3d at 70) (emphasis added). HII's bald assertion that "there is currently no proposed transaction on the table" "[i]n large part because of the material risks imposed by Girard Street's and its affiliates' alter ego actions" (Br. at 15) is incorrect. The Amber Energy bid was withdrawn due to widespread opposition by the creditors, and both Amber Energy and numerous other bidders have expressed an intention to submit bids that would not be conditioned on a court enjoining this claim.[5]

Finally, HII's spurious assertion that Girard Street's subpoenas to HII and other non-party creditors in connection with this action are "unreasonable" (Br. at 15) does not provide a

---

[5] *See Crystallex*, Dkt. 1357 at 56:14–16 ((Counsel for Crystallex) "We would credit bid despite our inclination not to do so if this is . . . the only deal that's on the table."); *Crystallex*, Dkt. 1373, Ex. B-1 (Crystallex) at 1 ("Crystallex has become aware of several parties who have expressed interest in submitting bids that comply with Delaware law and that would offer cash to creditors in the waterfall without the escrow arrangement advocated by the Special Master."); *id.*, Ex. B-4 (AP Judgment Creditors) at 4 ("[A]ssuming the Data Room is re-opened immediately, there should be no impediment to finalizing the terms of a materially superior Gold Reserve bid in short order.").

justification for intervention or transfer, nor does HII cite any authority that would support such an argument. As an initial matter, to the extent HII and other third parties are in possession of relevant evidence that cannot be more easily obtained from the parties to this action, Girard Street is entirely within its rights under Rule 45 to pursue such third-party discovery. Indeed, Girard Street served these subpoenas only after PDVSA represented to Girard Street that it had only very limited documents in its possession and given the need for expedited discovery under the accelerated schedule of this action. Girard Street has also offered to defer the subpoena to HII until Girard Street determines what documents it can obtain directly from the parties. Regardless, to the extent a non-party such as HII objects to third-party discovery served on it, the Federal Rules provide recourse in the form of motions to quash—not to intervene in the proceeding for the sole purpose of transferring the dispute to another court where such non-party is also a non-party.

### C. HII's Interests Are Adequately Protected.

HII also has failed to meet its burden to establish—or even plead—facts showing its purported interests cannot be adequately protected by the existing parties. *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001) (demanding "a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective"). Like PDVH and PDVSA, HII's "ultimate objective" is to prevent this case from proceeding in its entirety or, at a minimum, to prevent the entry of a turnover order against PDVH. *Id.* HII's interest in collecting on its own judgment relates to its motive, not its ultimate objective. *Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 98 (2d Cir. 1990) (holding that a "putative intervenor's interest is not inadequately represented merely because its motive to litigate is different from that of a party to the action") (citation omitted); *see also Homeward Residential, Inc.*, 2018 WL 840081, at *5 ("That Movants would choose an alternative strategy in pursuing a recovery is not sufficient . . . [n]or is the argument that Movants

and [a party] may have different reasons for litigating."). Moreover, HII's stated rationale for intervening—to permit it to move to transfer this action and consolidate it with the later filed *ConocoPhillips* case, in the spurious belief that such forum-shopping will result in a more favorable outcome—is not a proper objective.

## II.     HII May Not Permissively Intervene.

Permissive intervention requires a showing that the proposed intervenor "has a claim or defense that shares with the main action a common question of fact or law." Fed. R. Civ. P. 24(b)(1)(B). Though courts generally refer to the same factors used to analyze intervention as of right, *Olin Corp. v. Lamorak Ins. Co.*, 325 F.R.D. 85, 87 (S.D.N.Y. 2018),[6] "[t]he principal guide" in analyzing permissive intervention is "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Pitney Bowes, Inc.*, 25 F.3d at 73 (quoting Fed. R. Civ. P. 24(b)(3)). HII offers no persuasive reason why this Court should exercise its discretion to permit intervention in the alternative. *See State Comm. of Independence v. Berman*, 2003 WL 22801908, at *1 (S.D.N.Y. Nov. 21, 2003).

HII fails to show that this litigation raises questions of law or fact common to claims or defenses it would raise if permitted to intervene—indeed, it does not even seek to raise any claims or defenses. Rather, HII simply asserts it should be permitted to intervene because it would do so for the "limited purpose of moving to transfer this action to the District of Delaware." Br. at 17.

As an initial matter, there is no justification for transfer to the District of Delaware. This action, not the *ConocoPhillips* action, is the first-filed action seeking to reverse-pierce PDVSA's

---

[6] Although New York law codifies the right of "any interested person," including an "adverse claimant," to seek intervention, *see* N.Y. C.P.L.R. §§ 5225, 5239, federal and state courts in New York consult substantially the same factors in determining whether intervention is warranted. *See Rizzo v. Moseley*, 913 N.Y.S.2d 905, 907 (Sup. Ct. Westchester Cnty. 2010).

12

corporate veil, and ConocoPhillips has not put forward any substantive allegations with respect to the PDVSA-PDVH alter ego relationship. Moreover, the *Crystallex* court has made clear that the alter ego actions against PDVSA should proceed in their respective districts rather than in connection with the *Crystallex* sale, stating that such actions "can be litigated in the courts in which they are pending (possibly more expeditiously than they can be here)." *Crystallex*, Dkt. 1433 at 5-6. Further, HII's assertion that transfer is appropriate because the turnover of shares in CITGO Holding that Girard Street seeks would purportedly "violate Delaware law" (Br. at 4) is incorrect. By its express terms, 8 Del. C. § 169 applies only to Delaware courts, not to courts outside Delaware.[7] Under New York law, "[t]he interest of a debtor in a certificated security may be reached by a creditor only by actual seizure of the security certificate by the officer making the attachment or levy." N.Y. U.C.C. § 8-112(a).[8]

Regardless, even if such transfer were justified here—which it is not—courts have repeatedly rejected attempts at intervention on grounds that a case should purportedly be transferred to another District. *See, e.g.*, *Glover v. Ferrero USA, Inc.*, No. 11-cv-1086 (FLW), 2011 WL 5007805, at *6 (D.N.J. Oct. 20, 2011) ("Proposed Intervenors have cited no case law to support the proposition that non-parties to an action whose only interest in the action is its transfer or dismissal may intervene for such a purpose."); *Webb v. Dr Pepper Snapple Grp., Inc.*, No. 4:17-00624-CV-RK, 2018 WL 1990509, at *5 (W.D. Mo. Apr. 26, 2018) (denying permissive intervention due to movants' limited purpose of dismissal, transfer, or stay); *Echard v. Wells Fargo Bank N.A.*, No. 2:21-CV-5080, 2022 WL 1210321, at *4–5 (S.D. Ohio Apr. 25, 2022) (denying

---

[7] *See* 8 Del. C. § 169 ("For all purposes of title, action, attachment, garnishment and jurisdiction of all courts held in this State . . . .").

[8] Indeed, even assuming *arguendo* that judgment enforcement in Delaware would be required here, that would not justify transfer: if the Court enters judgment in this action, such judgment can be enforced in other jurisdictions where the judgment debtor's assets are located.

13

intervention where "Movants have 'no intention whatsoever of litigating the causes of action asserted,' but seek only to delay this action through a transfer or stay. Allowing Movants to join the action would necessarily cause undue delay and prejudice." (quoting *Kamerman v. Steinberg*, 681 F. Supp. 206, 211 (S.D.N.Y. 1988))); *see also Attix v. Carrington Mortg. Servs., LLC*, No. 1:20-CV-22183-UU, 2020 WL 9849821, at *3 (S.D. Fla. Oct. 13, 2020) ("[I]ntervention solely for the purpose of commandeering an existing action and staying it in favor of litigation of a parallel case in another forum unduly and impermissibly prejudice[s] the parties in the later-filed action."). Despite HII's insistence to the contrary, permitting intervention under these circumstances would thwart the purpose of Rule 24(b).

## CONCLUSION

For the foregoing reasons, this Court should deny HII's Motion to Intervene.

Dated: December 17, 2024                             Respectfully submitted,


By: /s/ *Evan Glassman*
Evan Glassman
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
E-mail: eglassman@steptoe.com

Michael J. Baratz (*pro hac vice*)
Emma Marshak (*pro hac vice*)
STEPTOE LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel: (202) 429-6468
Fax: (202) 429-3902
E-mail: mbaratz@steptoe.com
Email: emarshak@steptoe.com

*Counsel for Plaintiff*
*Girard Street Investment Holdings LLC*