**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| G&A STRATEGIC INVESTMENTS I LLC, et al., | Case No. 1:23-cv-10766-JSR |
| Plaintiffs, | (Consolidated with Case No. 1:23-cv-10772-JSR and Case No. 1:24-cv-04448-JSR) |
| v. | |
| PETRÓLEOS DE VENEZUELA, S.A. et al., | |
| Defendants. | |
| GIRARD STREET INVESTMENT HOLDINGS LLC, | Case No. 1:23-cv-10772-JSR |
| Plaintiff, | (Consolidated with Case No. 1:23-cv-10766-JSR and Case No. 1:24-cv-04448-JSR) |
| v. | |
| PETRÓLEOS DE VENEZUELA, S.A. et al., | |
| Defendants. | |
| GIRARD STREET INVESTMENT HOLDINGS LLC, | Case No. 1:24-cv-4448-JSR |
| Plaintiff, | (Consolidated with Case No. 1:23-cv-10766-JSR and Case No. 1:23-cv-10772-JSR) |
| v. | |
| PDV HOLDING, INC., | |
| Defendant. | |

**STIPULATION AND [PROPOSED] ORDER CONCERNING PROTOCOL FOR CONDUCTING REMOTE DEPOSITIONS ("REMOTE DEPOSITION PROTOCOL")**

Plaintiffs and Defendants (collectively, the "Parties") jointly stipulate to the following protocol for conducting depositions via remote means in the above-captioned consolidated actions:

1. Depositions may be conducted remotely using video conference technology.

2. The Party that notices a deposition shall provide notice that the deposition is to be conducted remotely and the deponent is to be video recorded.

3. The Parties agree to use Digital Evidence Group (the "Service Provider") for court reporting, video conference, and remote deposition services. The Parties agree that employees of the Service Provider may attend each remote deposition to video record the deposition, troubleshoot any technological issues that may arise, manage each Parties' proposed exhibits, and administer the virtual breakout rooms.

4. The Parties agree that a translator may attend each remote deposition, and that the Party noticing the deposition will be responsible for any additional costs attributable to translation services.

5. The Parties agree that these remote depositions (which may be video recorded) may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing, and the Parties agree not to object to the use of these video recordings on the basis that the deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

6. The deponent and counsel for the Parties will each participate in the videoconference deposition, remotely or in person. The court reporter and/or videographer may appear in person or remotely. Each person attending a deposition shall be visible to all other participants, their statements shall be audible to all participants, and they should each strive to ensure their environment is free from noise and distractions. Each person attending a deposition shall be visible to all other participants during entries of appearance on the record, but persons other than the deponent and counsel for the Parties examining and defending the deponent

otherwise may turn off their camera and mute their audio so as to minimize distractions.

7. Consistent with Local Civil Rule 30.4, no counsel shall initiate a private conference, including through text message, electronic mail, or chat feature in the videoconferencing system, with any deponent while a question is pending, except for the purpose of determining whether a privilege should be asserted.

8. During breaks in the deposition, the Parties may use the breakout room feature provided by the Service Provider, which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established by the Service Provider prior to the deposition and controlled by the Service Provider.

9. Remote depositions shall be recorded by stenographic means consistent with the requirements of Federal Rule of Civil Procedure 30(b)(3). The court reporter will not be physically present with the witness whose deposition is being taken, unless the Party noticing the deposition provides otherwise. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

10. The court reporter will stenographically record the testimony, and the court reporter's transcript shall constitute the official record. If the deponent is to be video recorded, the Service Provider will simultaneously videotape the deposition and preserve the video recording. The court reporter may be given a copy of the video recording and may review the video recording to improve the accuracy of any written transcript.

11. The Parties agree that the court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the witness via the videoconference.

12. The Parties shall bear their own costs in obtaining a transcript and/or video record of the deposition.

13. The Party that noticed the deposition shall provide the Service Provider with a copy of this Stipulation and Order at least twenty-four hours in advance of the deposition.

14. At the beginning of each deposition, consistent with Rule 30(b)(5)(A) of the Federal Rules of Civil Procedure, the court reporter or, in the case of a video-recorded remote deposition, the Service Provider employee responsible for video-recording the deposition, shall "begin the deposition with an on-the-record statement that includes:  (i) the officer's name and business address; (ii) the date, time, and place of the deposition; (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation to the deponent; and (v) the identity of all persons present."

15. At the beginning of each segment of the deposition, consistent with Rule 30(b)(5)(B) of the Federal Rules of Civil Procedure, the court reporter or, in the case of a video-recorded remote deposition, the Service Provider employee responsible for video-recording the deposition shall begin that segment of the remote deposition by reciting (i) the officer's name and business address; (ii) the date, time, and place of the deposition; and (iii) the deponent's name.

16. The Parties agree to work collaboratively and in good faith with the Service Provider to assess each deponent's technological abilities and to troubleshoot any issues at least 48 hours in advance of the deposition so any adjustments can be made.  The Parties also agree to work collaboratively to address and troubleshoot technological issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues.  Counsel may elect to have a technical specialist attend the remote deposition to ensure that technical issues are resolved in a timely manner.  This provision shall not be interpreted to compel

any Party to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent.

17. Every deponent shall endeavor to have technology sufficient to appear for a videotaped deposition (*e.g.*, a webcam and computer or telephone audio), and bandwidth sufficient to sustain the remote deposition. Counsel for each deponent shall consult with the deponent prior to the deposition to ensure the deponent has the required technology. If not, counsel for the deponent shall endeavor to supply the required technology to the deponent prior to the deposition. In the case of third-party witnesses, counsel noticing the deposition shall supply any necessary technology that the deponent does not have.

18. The Parties agree that this Stipulation and Order applies to remote depositions of non-parties under Rule 45 and shall work in a collaborative manner in attempting to schedule remote depositions of non-parties. The Party noticing any third-party deposition shall provide this Stipulation and Order to counsel for any non-party under Rule 45 a reasonable time before the date of the deposition.

19. The Parties agree that any of the following methods for administering exhibits may be employed during a remote deposition, or a combination of one or more methods:

(a) Counsel noticing the deposition may choose to send a compressed .zip file of the documents that may be used during the deposition via electronic mail to the deponent's counsel, the other Party's counsel, and the court reporter. The .zip file shall be delivered by 12:00 pm ET the business day before the deposition. Counsel for the deponent, the other Party's counsel, and the court reporter shall confirm receipt of the .zip file by electronic mail to Counsel noticing the deposition. The .zip file shall be password protected, and counsel taking the deposition shall supply the password via electronic email

immediately prior to the commencement of the deposition. Every recipient of a .zip file shall not open the .zip file until the deposition begins and when directed to do so by the counsel taking the deposition. If sending documents by electronic mail, counsel will be mindful of file size limitations, which presumptively should be less than 50 MB.

(b)     Counsel may introduce exhibits electronically during the deposition, by using the Service Provider's document-sharing technology, by using the screen-sharing technology within the videoconferencing platform, or by sending the exhibit to the deponent and all individuals on the record via electronic mail.

20.     All deponents receiving documents before or during a deposition, pursuant to Paragraph 19 above, shall destroy or return the documents to the counsel who sent them originally, within two business days following the completion of the deposition, and shall not retain them in any manner. Counsel noticing the deposition shall include a pre-paid return shipping label in any package of documents mailed to a deponent.

21.     Counsel for the Parties may keep any document or exhibit used during the deposition, consistent with the Protective Order entered in this case. Counsel for the Parties shall destroy or return any documents not used during the deposition to the counsel who sent them originally, within two business days following the completion of the deposition, and shall not retain them in any manner.

22.     Counsel noticing the deposition shall provide any counsel for third-party witnesses with a copy of the Parties' Protective Order. Counsel for third-party witnesses may keep any document used during the deposition in accordance with the Protective Order, and shall destroy or return any documents not used during the deposition to the Counsel who sent them originally, within two business days following the completion of the deposition, and shall not retain them in

any manner.

      **SO STIPULATED AND AGREED.**

| | |
|---|---|
| Dated: February 6, 2025 | By: */s/ Camilo Cardozo*<br>Camilo Cardozo<br>Dora P. Georgescu<br>VINSON & ELKINS LLP<br>1114 Avenue of the Americas<br>32nd Floor<br>New York, NY 10036<br>Tel: (212) 237-0051<br>Fax: (212) 237-0100<br>Email: ccardozo@velaw.com<br>Email: dgeorgescu@velaw.com<br><br>Andreina Escobar<br>VINSON & ELKINS LLP<br>845 Texas Avenue<br>Suite 4700<br>Houston, TX 77002<br>Tel: (832) 757-5104<br>Email: aescobar@velaw.com<br><br>*Attorneys for Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo S.A.*<br><br>By: */s/ Nathan P. Eimer*<br>Nathan P. Eimer<br>Scott C. Solberg (*pro hac vice*)<br>James Joseph (*pro hac vice*)<br>Daniel D. Birk (*pro hac vice*)<br>Gregory M. Schweizer (*pro hac vice*)<br>EIMER STAHL LLP<br>224 South Michigan Avenue, Suite 1100<br>Chicago, IL 60604<br>Tel: (312) 660-7600<br>Fax: (312) 692-1718<br>Email: neimer@eimerstahl.com<br>Email: ssolberg@eimerstahl.com<br>Email: jjoseph@eimerstahl.com<br>Email: dbirk@eimerstahl.com<br>Email: gschweizer@eimerstahl.com<br><br>*Attorneys for Defendant PDV Holding, Inc.* |

By: */s/ Evan Glassman*
Evan Glassman
STEPTOE LLP
1114 Avenue of the Americas
35th Floor
New York, NY 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
Email: eglassman@steptoe.com

Michael J. Baratz (*pro hac vice*)
Molly Bruder Fox (*pro hac vice*)
Andrew J. Sloniewsky (*pro hac vice*)
Emma Marshak (*pro hac vice*)
Sabra Messer (*pro hac vice*)
STEPTOE LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel: (202) 429-3000
Fax: (202) 429-3902
mbaratz@steptoe.com
mbfox@steptoe.com
aslowniewsky@steptoe.com
emarshak@steptoe.com
smesser@steptoe.com

*Attorneys for Plaintiffs G&A Strategic Investments I LLC; G&A Strategic Investments II LLC; G&A Strategic Investments III LLC; G&A Strategic Investments IV LLC; G&A Strategic Investments V LLC; G&A Strategic Investments VI LLC; G&A Strategic Investments VII LLC; and Girard Street Investment Holdings LLC*

**SO ORDERED.**

_____
**JED S. RAKOFF, U.S.D.J.**

**Dated:   New York, New York**

_____