UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| G&A STRATEGIC INVESTMENTS I LLC, et al.,<br><br>                Plaintiff,<br>v.<br>PETRÓLEOS DE VENEZUELA, S.A. et al.,<br><br>                Defendant. | Case No. 1:23-cv-10766-JSR<br><br>(Consolidated with Case No. 1:23-cv-10772-JSR and Case No. 1:24-cv-04448-JSR) |
| GIRARD STREET INVESTMENT HOLDINGS LLC,<br><br>                Plaintiff,<br>v.<br>PETRÓLEOS DE VENEZUELA, S.A. et al.,<br><br>                Defendant. | Case No. 1:23-cv-10772-JSR<br><br>(Consolidated with Case No. 1:23-cv-10766-JSR and Case No. 1:24-cv-04448-JSR) |
| GIRARD STREET INVESTMENT HOLDINGS LLC,<br><br>                  Plaintiff,<br>v.<br>PDV HOLDING, INC.,<br><br>                Defendant. | Case No. 24-cv-04448-JSR<br><br>(Consolidated with Case No. 1:23-cv-10766-JSR and Case No. 1:23-cv-10772-JSR) |

**DECLARATION OF JULIÁN CÁRDENAS**

My name is Julián Cárdenas, I am over the age of eighteen, and my mailing address is 4170 Martin Luther King Blvd, Houston, TX 77204. I declare under penalty of perjury that the following is true and correct:

1. I am currently a member of the ad hoc administrative board of Petróleos de Venezuela, S.A. (the "Ad Hoc Board" of "PDVSA"). I have been a member of the Ad Hoc Board since June 2019.

2. PDVSA is wholly owned by the Bolivarian Republic of Venezuela. The Ad Hoc Board of PDVSA was formed in February 2019 by the interim government of the Bolivarian Republic of Venezuela duly recognized as legitimate by the United States Government (the "Interim Government"), pursuant to the Statute to Govern a Transition to Democracy to Reestablish the Full Force and Effect of the Constitution of the Bolivarian Republic of Venezuela (the "Transition Statute").

3. While the Ad Hoc Board communicates with the Interim Government from time to time, the Ad Hoc Board conducts its activities in an autonomous and independent way from the Interim Government, following technical criteria, aimed to achieve efficient management, as provided by President Guaidó's Decree No. 3 of 2019 and its reform of 2021. In accordance with that Decree and the Transition Statute (as originally enacted in February 2019 and as subsequently amended), the Ad Hoc Board has maintained strict independence from the Interim Government. In its interactions with PDVH, the Ad Hoc Board ensures that it adheres to Delaware law as a means to safeguard the independence and corporate veil of subsidiary PDV Holding, Inc. ("PDVH"). The Ad Hoc Board's efforts on these fronts ensure the independence of PDVH from political control or day-to-day operational control, either by the Interim Government or by PDVSA. For example, while in February 2019, the 2015 National Assembly recommended that

the Ad Hoc Board appoint Oswaldo Nuñez to the board of PDVH, the Ad Hoc Board rejected that recommendation and did not appoint Mr. Nuñez to PDVH's board.

4. The regime of Nicolás Maduro does not exercise any control over the Ad Hoc Board, and the Ad Hoc Board has no communications with any members of the Maduro regime. In fact, communicating with members of the Maduro regime would endanger the members of the Ad Hoc Board. The Maduro regime does not operate within the United States and does not manage or represent PDVSA's assets within the United States.

5. The Ad Hoc Board presently consists of four members—me, Horacio Medina, Jorge Ivan Lara, and Ricardo Prada Silvy. During the last six years, approximately 15 different professionals have served as directors on the Ad Hoc Board. The directors of the Ad Hoc Bard are industry professionals, particularly in the energy field. For example, I teach courses at the University of Houston Law Center on Transnational Petroleum Law, am an affiliated scholar of the Environment, Energy and Natural Resources Center, and am a regular commentator on transnational oil and gas law, best oil and gas industry practice, and oil and gas geopolitics; Mr. Medina worked for decades in the Venezuelan oil and gas industry as an employee of PDVSA; Mr. Lara served for more than two decades at the Energy and Mining Commission of the Venezuelan National Assembly and as professor of energy policy in the *Escuela Nacional de Hacienda Pública* in Venezuela; and Mr. Prada Silvy is a chemical engineer, an adjunct professor at the University of Oklahoma, and a consultant in the energy industry. The Ad Hoc Board's current composition has been the same since January 2022.

6. The mission of the Ad Hoc Board is to protect the assets of PDVSA located abroad. Those assets include assets located within the United States, as well as assets located in other parts of the world, such as Portugal, Sweden, El Salvador, Argentina, Ecuador, and Paraguay.

7. The primary activities that the Ad Hoc Board engages in to accomplish its mission is asset identification and protection, as well as managing numerous litigation matters pending throughout the United States, including lawsuits brought by U.S. creditors seeking to attach PDVSA's assets. Since the formation of the Ad Hoc Board, there have been more than fifty lawsuits pending throughout the United States in which PDVSA is a party or otherwise involved. The Ad Hoc Board allocates a majority of its time and resources to managing those litigation matters.

8. PDVSA is the parent company and sole shareholder of PDVH. As the shareholder of PDVH, PDVSA, through the Ad Hoc Board, appoints and removes members of PDVH's board of directors through meeting resolutions and the execution of stockholder's written consents governed by PDVH's bylaws and Delaware law. Through those resolutions and consents, and as a general practice and policy of the Ad Hoc Board, the Ad Hoc Board follows corporate formalities in appointing and removing PDVH directors. While the Ad Hoc Board has, from time to time, provided advice and input regarding the appointment and removal of directors to the boards of CITGO Holding, Inc. ("CITGO Holding") and CITGO Petroleum Corporation ("CITGO Petroleum"), the Ad Hoc Board has not appointed a director to the boards of directors of CITGO Holding or CITGO Petroleum or required PDVH to remove a director from either of those boards.

9. Given the Ad Hoc Board's limited resources and the fact that three of the four members of the Ad Hoc Board have full-time careers separate and apart from their service on the Ad Hoc Board (Mr. Medina no longer works full time in the energy industry apart from his service on the Ad Hoc Board), the Ad Hoc Board has limited time to conduct its activities. A majority of that time is spent managing PDVSA's numerous lawsuits and asset protection activities; the Ad Hoc Board's time is not spent managing or directing the daily activities of PDVH, CITGO Holding, or CITGO Petroleum.

10. The Ad Hoc Board does not have the authority to make decisions regarding the day-to-day business activities of PDVH, CITGO Holding, or CITGO Petroleum and does not, in fact, make such decisions. The Ad Hoc Board does not regularly discuss the day-to-day business activities of PDVH, CITGO Holding, or CITGO Petroleum, does not manage or direct the daily activities of PDVH, CITGO Holding, or CITGO Petroleum, and has not managed or directed the daily activities of those entities.

11. None of PDVH, CITGO Holding, or CITGO Petroleum has sought the Ad Hoc Board's approval for daily operations or business decisions made in the ordinary course of business, nor has the Ad Hoc Board required any of those three entities to seek such approvals from the Ad Hoc Board. The Ad Hoc Board has not required PDVH, CITGO Holding, or CITGO Petroleum to obtain approval from the Ad Hoc Board before entering into a contract.

12. On occasion, representatives from PDVH and members of the Ad Hoc Board have held meetings with the members of the United States Government. At no point prior to, during, or after those meetings has the Ad Hoc Board requested that PDVH act on behalf of PDVSA in communicating with the United States Government. Rather, in meetings with the United States Government, PDVH has acted on its own behalf in furtherance of its interests, and the Ad Hoc Board has separately acted on its behalf in furtherance of its interests.

13. Since the creation of the Ad Hoc Board, PDVSA has not received any dividends from PDVH, and PDVH has not guaranteed any obligations of PDVSA. The Ad Hoc Board has not used funds of PDVH, CITGO Holding, or CITGO Petroleum to pay the debts of PDVSA and has not required any property of PDVH, CITGO Holding, or CITGO Petroleum to be used in any particular way or for the benefit of PDVSA.

14.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED on March _19_, 2025.

_____
Julián Cárdenas